GRINNELL CORPORATION *et al. vs.* RUSSELL GILPIN.

JANUARY 29, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J.   This is an employer's petition to review
an award of compensation under the workmen's compensa-
tion act.   The trial commissioner granted the petition and
reduced the award from $32 per week under the second pro-
viso of G. L. 1956, §28-33-18, to $12.38 per week in accord-
ance with the first proviso thereof.   The full commission
affirmed a decree entered by the trial commissioner to that
effect.   The cause is here on the respondent's appeal from
the decree of the full commission.

He assigns as reasons of appeal that such decree is against
the law, the evidence, the law and the evidence and the
weight thereof.   He contends thereunder that the commis-
sion erred in failing:   (1) To apply the second proviso, (2)
to grant him a reasonable opportunity to make a bona fide
attempt to obtain work suitable to his partial incapacity,
(3) to make findings of fact as to whether petitioner had
offered such work, and (4) to reverse the trial commission-
er's decision fixing a ceiling of weekly earning capacity of
$40 as a basis for determining compensation for partial in-
capacity.

The facts out of which the controversy arose and upon
which the resolution of the issues raised here by the above
contentions depends are substantially these.   On February
21, 1956 respondent sustained a compensable injury to his
right hand in petitioner's employ.   An agreement for weekly
compensation of $32 for total incapacity was approved on
March 16, 1956.   Two supplementary agreements for re-
curring incapacity were approved on December 8, 1958.
Thereafter petitioner filed a petition for review of the agree-

ment. After a hearing thereon the trial commissioner entered a decree finding that respondent's total incapacity had ceased but ordering the total weekly compensation of $32 to continue in accordance with the second proviso of G. L. 1956, §28-33-18.

Sometime subsequent thereto respondent returned to petitioner's employ and worked until December 15, 1959 when he quit voluntarily. He testified that petitioner had increased the work load so much that the work became unbearable and that he could not "handle the job" in view of his injury. He testified further that after he quit he sought suitable work at certain places of employment in this state and elsewhere but without success. He also testified that if he had obtained a job he would have tried to do it and would have expected to earn more than $40 a week. He admitted that he did not want the job at petitioner's plant, that he must seek one himself, and that there was no reason why he should not continue looking for one.

It appeared from evidence of petitioner that respondent quit work on December 15 because he did not feel well; that on December 29, 1959 he was admitted to the Fuller Memorial Hospital for alcoholism; and that shortly thereafter he voluntarily entered the Rhode Island Hospital for Mental Diseases for the same reason. He left there on August 2, 1960. However, concerning his injury he had not seen a physician for about a year and a half prior to petitioner's filing the instant petition for review.

The trial commissioner did not credit respondent's testimony. Apparently he did not believe respondent was unable to do the work offered by petitioner or that he had made a bona fide attempt to find suitable work elsewhere. Nevertheless at the conclusion of the hearing on September 16, 1960 he did not enter a decree but continued the hearing to October 3, 1960 in order to afford respondent a further opportunity to make such an attempt. On that date respondent was hospitalized for chronic pulmonary emphysema

which necessitated a further continuance to October 10. At that time he admitted that he had not looked for work since September 16.

The trial commissioner thereupon entered a decree containing these findings:

"1. The respondent is no longer totally incapacitated for work by reason of the injuries sustained on February 12, 1956 but is now partially incapacitated for work thereby.

"2. The respondent has an earning capacity of at least $40.00 per week."

On respondent's appeal therefrom the full commission expressly decided that it should be affirmed for the following reasons: "The petitioner offered the respondent suitable restricted work consistent with the effects of his injury and the respondent quit such work without cause on December 15, 1959. The trial commissioner did not believe respondent's testimony on this important feature of the case. He had the decided advantage of observing the respondent and witnesses as they testified. Apparently respondent did not favorably impress the trial commissioner. Nothing in the record of this hearing has been shown to us to disturb the findings in the decree appealed from."

From our examination of the record we are of the opinion that the commission did not err in affirming the trial commissioner's decree. The respondent's first and second contentions which he has briefed and argued together are without merit. In our opinion the full commission did not err in either respect as contended thereunder. There is evidence in the record upon which they could base the conclusion that the trial commissioner's finding on respondent's lack of credibility was decisive of the important question whether petitioner had given him a suitable job which he had quit without just cause. The weight of such evidence or the credibility of respondent is not within the province of this court to pass upon. *Cairo* v. *Sayles Finishing Plants, Inc.*, 85 R. I. 378.

14

■ We are also of the opinion that respondent takes nothing by his third and fourth contentions, especially since the decree gives him the highest amount of partial compensation under the first proviso of G. L. 1956, §28-33-18. Having found that he was not entitled to the benefit of the second proviso because of his voluntary refusal to continue working at the job which petitioner had given him it was not necessary to make any further finding of an offer of suitable work by petitioner.

■ Insofar as setting a ceiling of $40 a week as a means of measuring the partial compensation is concerned, such action was consistent with the respondent's own testimony and moreover was fully warranted by the statute which provides: " * * * if, after his injury, the employee is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness, then the workmen's compensation commission shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has, which dollar value shall be reasonable, having due regard to the evidence and all other pertinent factors presented at the hearing." In our opinion the commission's evaluation of the respondent's weekly earning capacity of $40 is warranted by the evidence and is therefore a reasonable fixation of dollar value in accordance with the above formula.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for petitioners.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for respondent.