UNITED STATES RUBBER COMPANY *vs.* ELENA MARINO.

JANUARY 3, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is an employer's petition to review an award of compensation for total incapacity under the workmen's compensation act. The trial commissioner reduced the award to one for partial incapacity in accordance with G. L. 1956, §28-33-18. The full commission affirmed the decree entered by the trial commissioner. In addition it ordered the petitioner to pay a fee to the respondent's counsel for services before the trial commissioner, and it refused to award a fee for such services before the full commission. The cause is here on the respondent's appeal from that decree.

The respondent assigns as her reasons of appeal that such decree is against the law, the evidence and the weight there-

of. She contends thereunder that the commission erred in that: (1) the petitioner did not in law establish by evidence of probative force that it had offered her work suitable to her partial incapacity; (2) there was no probative evidence which legally established that she had not made a bona fide attempt to obtain such work; and (3) no award was made of fees for her counsel's services before the full commission or for the costs of procuring the transcript required by her in order to prosecute her appeal to the full commission.

The evidence in substance on the first two issues is that after it had been established that respondent was only partially incapacitated, petitioner offered her work consisting of inspecting and traying golf balls which could be done either sitting or standing and involved no lifting or bending. The respondent worked thereat from February 13, 1962 until March 22, 1962, during which time her attendance was sporadic and only infrequently included a full working day.

Apparently the termination of this employment was mutually agreeable to both parties, and respondent makes no claim here that she is still willing to work for petitioner either on a full or part-time basis. Before a single commissioner subsequent to the termination of her employment she testified that she had tried to do the work; that she had been in constant pain and had to take hot baths and use a heat pad; that her back had been hurting her; that her legs had gone numb; and that she was unable to do the work.

The trial commissioner found that petitioner had offered respondent suitable work and this finding was affirmed by the full commission.

From our examination of the transcript we are of the opinion that the evidence supports this finding. The uncontradicted testimony is that the work offered was light

and was within her capabilities to perform according to Dr. Donald F. Larkin, her attending physician. Moreover, in reaching his decision the trial commissioner must have considered that during the 37-day period of her employment respondent, despite complaints of constant pain and inability to perform, consulted Dr. Larkin only once and that he did not appear to testify as to either any complaints she might have made to him or his findings on any examination he may have made.

There was, therefore, evidence both direct and by reasonable inference upon which the commission could have found, as it did, that petitioner had offered her a suitable job which respondent had without basis in fact found beyond her ability to perform. In the absence of fraud, such findings by the single commissioner affirmed by the full commission are conclusive. *Trotta* v. *Brown & Sharpe Mfg. Co.*, 86 R. I. 247.

The respondent contends that the commission's finding that she had not made a bona fide attempt to obtain suitable work is not supported by the evidence since no opportunity was ever given to her after the termination of her employment on March 22 to look for work. This contention is without merit. The commission found that she was not entitled to benefits under the second proviso of §28-33-18 for the reason that she had been offered suitable employment by her employer. Having so found it was not required either to determine whether she had otherwise made a bona fide attempt to obtain work or to afford her an opportunity to seek other employment more to her preference. See *Grinnell Corp.* v. *Gilpin*, 94 R. I. 10, 177 A.2d 374.

The respondent next contends that the full commission erred in not awarding her counsel a fee for services before the full commission. The relevant statute is G. L. 1956, §28-35-32, the pertinent portion of which provides that

counsel fees shall be awarded by the full commission on appeal "to employees who successfully defend, *in whole or in part,* petitions for review filed by employers." (italics ours)

The petitioner framed the petition for review. It was couched in the alternative and sought either discontinuance *or* diminution of compensation payments on the ground that total incapacity had ended *or* diminished. At the hearing before the single commissioner respondent was in part successful, since the finding was that her total incapacity had not ended but had only diminished and the order was that compensation payments be reduced, not discontinued. Such partial success entitled her to a counsel fee, but none was ordered. She prosecuted her appeal to the full commission in order to obtain an award of such fee as well as on other grounds and thereby incurred the possibility of an additional liability for the legal services incident thereto. Such appeal was successful in part in that her counsel was awarded a fee for services before the trial commissioner.

If we should now hold that petitioner should not be required to pay respondent's counsel for his services on such appeal, her partial success before the full commission will have been at best a pyrrhic victory. The petitioner will have paid her counsel for the proceedings before the trial commissioner, but the liability for such services before the full commission will be hers. Her relief from the obligation for attorney's services before the single commissioner will have been obtained at the expense of incurring a new liability for such services before the full commission. Such a result does violence to the clear and unambiguous language of the statute which specifically provides that an employee is entitled to counsel fees if successful either in whole or in part on an employer's petition for review. The respondent was successful in part in the proceedings before

the full commission and that tribunal should have awarded a fee to her attorney for his services before it.

The final contention of respondent is that the word "costs" as used in §28-35-32 should be construed to include the expense incurred by her in procuring the transcript required as a condition of her appeal to the full commission. Whether there is merit in this contention need not be determined by us since it does not appear from the record before us that any request had been made for such "costs" prior to the hearing in this court and there is no ruling the correctness of which is in issue. *Trotta* v. *General Electric Co.*, 86 R. I. 254.

The respondent's appeal is sustained as to the allowance of a counsel fee for services before the full commission; otherwise the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Ambrose W. Carroll,* for petitioner.

*Edward I. Friedman, Howard I. Lipsey,* for respondent.