224 A.2d 316.

## TONY BAHRY *vs.* MASONWEAR COMPANY.

NOVEMBER 23, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.   This employee's petition for review is before us on his appeal from a decree of the workmen's compensation commission affirming the decree of a single commissioner and denying and dismissing the employee's appeal from that decree.

The record establishes that the petitioner sustained an injury in the employ of respondent on November 23, 1960, and pursuant to the terms of a nonprejudicial agreement was paid compensation benefits until August 20, 1962. Thereafter in W.C.C. No. 63-0255 respondent's liability was

established by a decree entered April 22, 1963. It contained certain findings which in pertinent part are that as a sweeper earning an average weekly wage of $73.60 petitioner sustained a compensable injury to his left leg, ankle and foot, from which he is and has been totally incapacitated since August 20, 1962, as a result of injuries sustained November 23, 1960.

The record further discloses that petitioner returned to work for respondent as a sweeper on August 25, 1964 and, because he began to earn wages equal to or in excess of his average weekly wage, compensation payments were suspended by a decree entered September 30, 1964.

Thereafter petitioner continued working until January 15, 1965, on which date he did not report for work because of excessive pain. During most of this time he was under the care of Dr. John H. Gordon, an orthopedic surgeon.

On March 24, 1965 the instant petition was filed alleging that total incapacity had returned. Hearings were held thereon at divers times and a decree was entered by the single commissioner on January 24, 1966. It contains three findings of fact, each of which will be set out at a more appropriate juncture.

From this decree both parties claimed an appeal to the full commission. The respondent, however, although filing reasons of appeal, furnished neither memorandum nor brief. In any event, the commission denied its appeal and from the decree entered pursuant thereto respondent claimed no appeal to this court.

The petitioner on the other hand duly perfected and prosecuted his appeal to the full commission and assigned as reasons in support thereof that the findings of fact and the order relating to compensation contained in the single commissioner's decree were against the law, the evidence, the law and the evidence and weight thereof.

In its decision the full commission commented on the

evidence, summarized petitioner's arguments and concluded that the appeal was without merit. On April 20, 1966 the commission entered its decree affirming the decree of the single commissioner and denying and dismissing petitioner's appeal.

An examination of the record discloses that at the hearing before the single commissioner testimony was received from Dr. John H. Gordon, Dr. Richard Bertini and petitioner in support of the petition and from Mr. Murphy, respondent's assembly department foreman, as well as from Dr. Vincent Zecchino on respondent's behalf. Further, reports were received from Dr. William V. Hindle, who examined petitioner at the request of the single commissioner, and Dr. Zecchino.

It is the substance of petitioner's testimony, as well as that of his doctors that on January 15, 1965 and continuing thereafter, petitioner was unable to perform his regular work as a sweeper, but that he was able to do light to moderate work which would not require him to be on his feet for prolonged periods. Moreover, it was the opinion of his two doctors, and petitioner also testified, that his capacity for work was the same in July 1965 when the hearings closed as it had been since January 14, 1965 when the incapacity commenced.

Doctor Hindle, the impartial medical examiner, examined petitioner June 29, 1965 and filed his report the following week. It concluded:

> "Fully aware of the patient's age and the fact that he has not shown an indication of returning to work, I would still feel that on the basis of findings at this time that he would be capable of light work and light to moderate work. The only restriction that I might make would be prolonged standing on the extremity."

Parenthetically we might observe that petitioner was sixty-two years of age at the time to which Dr. Hindle refers.

The petitioner first contends that finding of fact No. 1 in the decree of the single commissioner and affirmed by the full commission is against the law in that there is no competent evidence on which such finding can rest. This finding is as follows:

> "(1) Petitioner's incapacity for work returned in part for the period beginning January 14, 1965 and ending June 30, 1965 and he was able to earn the sum of not less than $40.00 weekly at sedentary work such as jewelry bench hand or as an elevator operator during such period * * *."

Such contention is clearly without merit as to the nature of the incapacity, since his own doctors as well as the impartial medical examiner were of the opinion that he was able to do light work such as that described by the single commissioner. There being such evidence the finality of that finding is not open to review by us, there being no question of fraud. *Ferguson* v. *George A. Fuller Co.*, 74 R. I. 98; *Carr* v. *General Insulated Wire Works, Inc.*, 100 R. I. 203, 213 A.2d 700.

He next contends that finding of fact No. 3 is not supported by competent evidence. This finding is as follows: "(3) Petitioner's incapacity for work ended on July 1, 1965."

In support of this contention he cites *Catoia* v. *Eastern Concrete Products Co.*, 84 R. I. 402. There we held that where the testimony of four doctors was evaluated by the single commissioner and he accepted that of two of the doctors, he and the full commission on review inferentially rejected the testimony of the other two doctors, it being in conflict with the testimony relied upon.

In the instant cause Dr. Zecchino, who examined petitioner February 5, 1965, testified and concluded in his report that as of the date of his examination petitioner was no longer incapacitated and could return to his regular employment.

Since, as evinced by his finding of partial incapacity through June 30, 1965, the single commissioner and the full commission on review accepted the testimony of Doctors Gordon and Bertini as well as the opinion of Dr. Hindle, they inferentially rejected the opinion of Dr. Zecchino. Thus, petitioner argues, there remained no competent evidence upon which to support the finding that petitioner's incapacity ended July 1, 1965.

This contention presupposes, however, that Dr. Hindle's quoted opinion was not open to the inference that petitioner could resume his regular employment as a sweeper, assuming of course that this work was available.

From the nature of petitioner's regular work as described by him and the assembly department foreman Murphy, respondent argues that the single commissioner and the full commission on review, giving a reasonable interpretation to Dr. Hindle's opinion, were warranted in finding that petitioner was capable on July 1, 1965 of returning to his regular work at which he would earn an amount equal to or in excess of his average weekly wages.

Assuming that there is merit in this contention, we next turn to the second finding in the decree on which such contention necessarily rests. It is as follows:

"(2) Petitioner was offered suitable work by the Respondent and there was available to him such suitable work which he was and has been able to do since July 1, 1965 and to earn the weekly wages of not less than $73.60 * * *."

On this finding then the instant appeal necessarily turns.

In his fourth, fifth and sixth reasons of appeal, petitioner assigns as error that said finding is against the law and the evidence in that there is no legal evidence on which such finding can be supported. We think this contention has merit.

It appears from the record that assembly department

foreman Murphy was not petitioner's full-time supervisor or superior. Rather, petitioner was subject to Murphy's supervision only when petitioner was engaged at work in the assembly department. Murphy testified for respondent in direct examination as follows: "Q. And the job as sweeper is still available to Mr. Bahry, is that correct? A. Yes. Q. Now, this job pays at least $1.83 an hour. Is that correct? A. Yes." The foregoing must, from our reading of the transcript, constitute the evidence on which the second finding of fact is predicated.

However, in cross-examination the witness was asked, "Excuse me, Mr. Murphy, do you have the authority to offer work to Mr. Bahry?" His answer was "No." Recognizing what this admission did to Murphy's previous testimony, counsel for respondent then asked: "This job as a sweeper is available now. You are in a position to tell him that." This inquiry drew the equivocal answer, "I imagine so. We are on vacation now. I assume when it's open." Counsel for petitioner then asked, "On a full time basis." Mr. Murphy responded, "Well, that's up to Mr. Miller."

It seems obvious from the foregoing that the single commissioner misconceived the import of Murphy's testimony if he relied thereon in finding as a fact that respondent offered to make petitioner's regular work available to him. The testimony lends itself only to speculation, falling short of that which is necessary to support an inference based on probabilities, as distinguished from a mere possibility. See *Antonelli* v. *Walsh-Kaiser Co.*, 72 R. I. 1. As this court observed in *Papineau* v. *Personnel Board* (Michalczyk v. same), 101 R. I. 359, 223 A.2d 549, an inference predicated on conjecture or speculation lacks probative force.

The Murphy testimony as set out herein, being all the evidence upon which the single commissioner could have based his finding that suitable work which petitioner could do and earn his average weekly wages had been offered to

him by respondent, lacking probative force, finding No. 2 is erroneous as a matter of law. *Rosewater v. Jean's Inc.*, 72 R. I. 489; *Berkshire Fine Spinning Associates, Inc.* v. *Label*, 74 R. I. 6.

Further, since finding No. 3 that petitioner's incapacity ceased July 1, 1965, is predicated on the validity of finding No. 2, it follows that both the second and third findings are not supported by legal evidence and the decree of the full commission to the extent that it affirms those findings is erroneous.

Moreover, having concluded that there is no probative evidence to support the finding that petitioner's partial incapacity which commenced January 14, 1965 ceased June 30, 1965, that portion of finding No. 1 limiting the period of partial incapacity is also erroneous.

We hold therefore that the finding that petitioner became partially incapacitated for work on January 14, 1965 and was entitled to the applicable benefits resulting therefrom is supported by competent evidence, but that all other findings as set forth in the decree are not so supported and on remand the commission is ordered to modify the decree so as to conform with this opinion.

The petitioner's final reason of appeal rests on the proposition that the full commission erred in refusing to award him a counsel fee for successfully resisting respondent's appeal from the decree of the single commissioner. He argues that since this is an employee's petition for review and compensation benefits were ordered as a result of the hearings thereon, from which award respondent appealed, the clear intendment of G. L. 1956, §28-35-32, as amended, entitles him to an assessment of a counsel fee by reason of the full commission's dismissal of respondent's appeal. The cited section provides in pertinent part: "* * * costs shall be awarded, including counsel fees * * * to employees who successfully prosecute petitions for compensation * * * and

to employees who successfully defend, in whole or in part, petitions for review filed by employers. Such costs shall be assessed against the employer by a single commissioner, by the full commission on appeal and by the supreme court on appeal *consistent with the services rendered* before each tribunal and shall be made a part of the decree." (italics ours)

In *United States Rubber Co.* v. *Marino,* 97 R. I. 142, 196 A.2d 169, we held that where the single commissioner failed to order a counsel fee to an employee who had been partially successful in defending against an employer's petition for review, and the employee had appealed to the full commission to review the refusal of the single commissioner to make such an order, the employee was entitled to an award of a counsel fee for the proceedings before the full commission as well as to the counsel fee ordered by the full commission for the proceedings before the single commissioner.

In 97 R. I. at page 146, 196 A.2d at page 172, we observed, "If we should now hold that petitioner should not be required to pay respondent's counsel for his services on such appeal, her partial success before the full commission will have been at best a pyrrhic victory."

In the instant cause, however, although respondent claimed an appeal to the full commission and filed its reasons in support thereof, it filed neither brief nor memorandum as provided in G. L. 1956, §28-35-28; and, moreover, petitioner had prosecuted his own appeal from the decree of the single commissioner. His appearance before the full commission therefore was not in defense of the decree appealed from and he performed no services directed to that end. Nor did he prevail on his own appeal. In such circumstances we cannot say that the full commission erred in deciding that, consistent with the services rendered, there was no counsel fee to be awarded.

However, petitioner has prevailed in this court and the services performed in connection therewith may be considered on motion filed pursuant to provisional order No. 5 of the rules and orders of the supreme court which became effective September 8, 1966.

The petitioner's appeal is sustained to the extent that it has not otherwise been denied, the decree appealed from is ordered modified as heretofore set forth, and after the award of a counsel fee on petitioner's motion the cause will then be remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.