316 A.2d 344.

JOHN F. BRENNAN, SR. AND JOHN F. BRENNAN, JR. *p.p.a.*
*vs.* NEW ENGLAND GROCERS SUPPLY CO. *et al.*

MARCH 12, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

782

PAOLINO, J. This civil action was brought on behalf of a minor son by his father as next friend for personal injuries suffered by the son as a result of the alleged negligence of the defendants New England Grocers Supply Company (New England) and Cumberland Farms Dairy, Inc. (Cumberland Farms). The father sued for consequential damages.

In their complaint plaintiffs allege that on July 25, 1966 Cumberland Farms owned and operated a grocery store in Greenville; that New England, while delivering goods to Cumberland Farms, negligently parked its delivery truck in such a manner that it occupied the only existing public entrance to Cumberland Farms' store, thereby causing a hazardous condition for their business invitees entering the store; and that Cumberland Farms negligently permitted its only existing public entranceway to be occupied by New England's delivery truck in a manner which created a hazard for their business invitees entering the store.

The case was heard before a justice of the Superior Court and a jury. At the close of plaintiffs' case, both defendants rested and moved for a directed verdict. The trial justice granted New England's motion, but reserved decision on Cumberland Farms' motion. The case then proceeded and resulted in a verdict of $643.15 for the father and $15,000 for the son. After the verdict the trial

justice denied Cumberland Farms' motion for a directed verdict and its motion for a new trial.

The case is before us on Cumberland Farms' appeal from the denial of its motion for a directed verdict and also from the denial of its motion for a new trial on the ground that the damages awarded were excessive. The case is also here on plaintiffs' appeal from the order granting New England's motion for a directed verdict.

## I

Initially we consider Cumberland Farms' appeal from the denial of its motion for a directed verdict. The trial justice felt that there was a question of fact for the jury. Cumberland Farms argues that the trial justice erred in denying its motion for a directed verdict. It contends that there is no evidence that any negligence by it was the proximate cause of the minor plaintiff's injuries. The determination of this issue requires that we briefly examine and discuss the evidence. In so doing we must keep in mind that it is the duty of the trial justice, in passing on a motion for a directed verdict, to view the evidence in the light most favorable to the party against whom the motion is made and to give such party the benefit of all reasonable and legitimate inferences properly deducible therefrom. *Lamont* v. *Central Real Estate Co.,* 110 R. I. 438, 294 A.2d 195 (1972). We shall examine the evidence with that rule as a guide.

Mrs. Lucy L. Brennan, the minor plaintiff's mother, testified in substance as follows. She drove to the Cumberland Farms store at about 3:30 p.m. on the day of the accident to purchase milk and juice. She took her two children, John and Karen, to help her. John was then six years of age and Karen was seven. After they got out of the car, they walked to the store. Karen went first, then the mother, and John was behind the mother. As they approached the store entrance, Karen and John were each

carrying an empty one-half gallon glass bottle. The store had one customer entrance with two cement steps five feet wide and two black wrought iron rails on top of the platform, on each side, to assist customers. A large black truck owned by New England was parked with its rear portion and tailgate backed near the entrance steps. The rear of the truck was approximately ten feet wide leaving one quarter of the entrance open for passage. The ramp was down and apparently workers were unloading cartons into the store. Karen went into the store and Mrs. Brennan, having to turn at an angle to get by the truck, followed her daughter. John was behind Mrs. Brennan. As she was going into the store she heard screams and turned and saw John. He was standing at the railing at an angle, with the top of the bottle still in his hand and the neck of the bottle still intact. His hand was bleeding. She also noticed that John had a black line going across the back of his shirt. The truck was black.

During cross-examination Mrs. Brennan testified as follows. The rear of the truck was about three feet from the door. If you turned at an angle there was room between the store and the truck for someone to walk through and up the stairs. The tailgate was some distance in front of the first step. There was enough distance so that you could step onto the first step from the ground. When she saw John, he was on the platform on the second step.

The minor son testified that he stepped onto the first step and started to turn and looked into the truck. As he was getting onto the second step the bottle hit something, broke, and cut his hand. He does not know what the bottle hit.

Cumberland Farms' manager testified that he was there on the day the accident happened; that the tailboard was maybe four or five feet away from the steps; and that he went out and guided the truck in as he had done every

time previous to that. He also testified that he did not know how much of the passageway was obstructed.

Cumberland Farms contends that there is no evidence that the position of the truck in any way contributed to the accident and that in the circumstances no reasonable or legitimate inference could be drawn by the jury on the question of proximate causation. We do not agree with Cumberland Farms' theory. *Bahry* v. *Masonwear Co.*, 101 R. I. 402, 224 A.2d 316 (1966) and *Papineau* v. *Personnel Board*, 101 R. I. 359, 233 A.2d 549 (1966), cited by Cumberland Farms, are of no help to it on the facts of this case.

There is no doubt but that the minor plaintiff was a business invitee, *Milliken* v. *Weybosset Pure Food Market*, 71 R. I. 312, 44 A.2d 723 (1945), to whom Cumberland Farms owed a duty to use reasonable care to keep its premises in a safe condition for the purpose of the invitation extended. *McVeigh* v. *McCullough*, 96 R. I. 412, 192 A.2d 437 (1963). There is evidence in the record indicating that one had to squeeze by the tailgate in order to get to the doorway to the store. As we have already stated, it was the trial justice's duty in passing on the motion to view the evidence in the light most favorable to plaintiffs. So viewed, the evidence lends itself to the reasonable inference that the minor's injuries were proximately caused as a result of the hazardous condition created by permitting the truck to park so close to the store entrance. We find no error in the ruling denying Cumberland Farms' motion for a directed verdict.

## II

We consider next Cumberland Farms' appeal from the denial of its motion for a new trial on the ground that the verdict was excessive. The medical expenses totaled $643.15. Medical reports and hospital records are in evidence. In passing on this motion the trial justice noted

the amount of the medical expenses and he pointed out that there is some evidence in the record that there was a permanent injury to the boy's hand. In the circumstances, he said, the $15,000 verdict did not shock his conscience. He held that Cumberland Farms had not satisfied him that the verdict was excessive. Neither has it satisfied this court. There is evidence in the record of pain and suffering as well as evidence that the boy suffered a permanent injury. Cumberland Farms has failed to sustain the burden of establishing in this court that the trial justice was clearly wrong in approving the award by the jury or that he overlooked or misconceived any material evidence on this issue. *Simmons* v. *United Transit Co.*, 99 R. I. 460, 208 A.2d 537 (1965). We find no error in his ruling denying the motion for a new trial.

### III

We come now to plaintiffs' appeal from the judgment granting New England's motion for a directed verdict. The trial justice based his ruling on the grounds (1) that no duty was owed by this defendant to the minor plaintiff, and (2) that the truck was guided in by Cumberland Farms' manager and was parked on the latter's premises. For the reasons which follow we hold that the trial justice erred in granting this motion.

Although the relationship between the minor plaintiff and Cumberland Farms may be different from that between him and New England, it does not necessarily follow that New England is bound by no duty at all with respect to the manner in which it parks its truck when delivering goods to a Cumberland Farms store. New England knew that business invitees of Cumberland Farms used this entrance for ingress and egress. The test of reasonableness and foreseeability should have been the standard. Knowing that business invitees, including minor children, would use the steps for ingress and egress, New

England was duty-bound to use reasonable care in park-ing its truck on Cumberland Farms' premises so as not to injure such persons or cause hazardous or perilous condi-tions for persons it should reasonably foresee would use such an entrance. Whether, in the circumstances, New England used reasonable care was a question for the jury. The fact that New England's driver was guided in by Cumberland Farms' manager does not obviate New Eng-land's responsibility.

In the case against Cumberland Farms Dairy, Inc., the latter's appeal from the denial of its motion for a directed verdict and a new trial is denied and dismissed, and the judgments appealed from are affirmed.

In the case against New England Grocers Supply Com-pany, the plaintiffs' appeal from the judgment granting New England Grocers Supply Company's motion for a directed verdict is sustained, the judgment appealed from is reversed and vacated, and the cause is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Goldman, Grady, Biafore & Hines, John D. Biafore,* for plaintiffs.

*Guy J. Wells,* for New England Grocers Supply Com-pany; *James M. Shannahan,* for Cumberland Farms Dairy, Inc., defendants.