JOSEPH BROCCOLI *vs.* WALTER KRZYSTON.

JANUARY 14, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action on the case for negligence arising out of an automobile collision. It was tried to a jury which returned a verdict for the plaintiff for $1,222.50. The defendant filed a motion for a new trial which was denied. He excepted to such denial and this exception together with nine others taken during the trial to rulings on evidence make up his bill of exceptions.

On June 28, 1954 defendant was returning to his home which was located at the corner of Manton avenue and Edgemere avenue in the city of Providence. His garage, which was on Edgemere avenue, was at the rear of the house. After driving from Manton avenue into Edgemere

avenue, he stopped on his right-hand side next to the curb, left the motor running, and walked across the street to open the garage doors. Having done this, he went back across the street, noticing on his way plaintiff's automobile up the street coming towards him from his left. He then got into his automobile, turned to the left and drove into the left-hand side of plaintiff's car as it was passing. This is the substance of defendant's testimony as to how the accident happened.

The plaintiff testified that while he was driving between twelve and fifteen miles an hour, defendant turned into his path so suddenly and so fast that he could not avoid being hit. A disinterested witness testified as to the location of the automobiles after the accident, which is in accord with the story of the parties. After the collision plaintiff got out of his automobile and asked defendant why he ran into him and defendant replied: "You hit me."

The plaintiff called the police and when they arrived defendant was in his house but his wife was at the scene. She was requested to get her husband and when he came out a police officer asked him if he had been drinking and he said "No" but his wife, who was still there, said he had had two glasses of beer at a wake. The police then took defendant to the police station where about two hours after the accident he was examined by a police surgeon who testified that he was under the influence of liquor and unfit to operate an automobile. The defendant's story as to the liquor was that he was so upset by the accident, his first, that before the police arrived he went to his house, got a bottle of whiskey, took it to his garage, and drank some of it.

The plaintiff was driving a 1930 Model A Ford. He testified that he spent $52.50 for old parts which he and his nephew installed. He also testified that as a result of the door being pushed in seven or eight inches, he suffered a cut on his arm and a bruise on his left hip. The plaintiff made approximately fifty visits to two doctors whose bills

were $158. He also paid $12 for an X ray of his hip which was negative. Doctor Moran saw him the day of the accident and testified that he had a swelling and black-and-blue spot on his left hip and a cut on his arm. The doctor then went on his vacation for a month and referred plaintiff to another doctor who saw him eight times that month. This doctor did not testify. When Dr. Moran returned, the outward evidence of the injuries had disappeared, but since plaintiff continued to complain of pain in his hip he gave him heat treatments for the next six months. At the trial in October 1955 plaintiff still complained of trouble with his hip. He was in his sixty-eighth year at the time of the trial and had retired from work before the accident.

The defendant's first nine exceptions are to the admission by the trial justice of the testimony of the police surgeon as to what he found in his examination. The defendant claims that such testimony was hearsay. Obviously it was not, and therefore such exceptions are overruled.

The defendant's only other exception is to the refusal of the trial justice to grant him a new trial. The trial justice stated that he doubted if he would have given the same verdict; that he thought the plaintiff's injuries were overstated; that he did not believe either party; and that he was dissatisfied with the case. The plaintiff admits that these statements deprive him of the weight ordinarily given to the decision of a trial justice on such a motion. In these circumstances, in order to be granted a new trial by this court, defendant has the burden on review to show that the verdict is contrary to the great weight of the evidence. *Daniels* v. *Yanyar,* 80 R. I. 204. From our examination of the transcript we are satisfied that the evidence does not so preponderate against the verdict either as to liability or the damages.

The jury was justified in finding defendant liable, since on his testimony he turned his automobile towards an oncoming automobile which he knew was there and which was

soon to cross his path. In fact he hit it almost as soon as he started towards his garage. The plaintiff, who appeared to be hard of hearing and unable to express himself very well, told a story which the jury could well have found to be substantially the same as that of the defendant concerning the salient features of liability. As noted, the disinterested witness supported this story.

The plaintiff's monetary damages were $222.50 and it appears that the jury gave him $1,000 for pain and suffering. The $1,000 seems to us somewhat excessive, but the amount to be awarded for pain and suffering is a matter peculiarly within the province of the jury. In *McGowan* v. *Interstate Consolidated Street Ry.,* 20 R. I. 264, at page 265, the court stated that "unless the verdict is such as to shock the conscience, and clearly show that the jury must have been influenced by passion or prejudice, or that they proceeded upon some erroneous basis in arriving at their conclusion, the court will not interfere therewith." In view of the plaintiff's age, the length of his treatment, and complaints, we cannot say that the jury violated the above rule or that the amount of the verdict was grossly excessive. The defendant's exception to the denial of his motion for a new trial is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John DiLibero,* for plaintiff.

*Ralph Rotondo,* for defendant.