### DIANE G. RAIFF *vs.* YELLOW CAB COMPANY OF PROVIDENCE.
### EDWARD RAIFF *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

JANUARY 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

Paolino, J. These are actions of trespass on the case for negligence. They were brought by a husband and wife to recover damages for personal injuries suffered by the wife and for consequential and property damages to her husband resulting from a collision between a motor vehicle owned by the defendant and an automobile owned by the husband and operated by his wife. The cases were tried together before a jury in the superior court and resulted in verdicts of $3,200 for the wife and $800 for her husband. They are here on the defendant's exception in each case to the denial of its motion for a new trial.

The defendant does not dispute liability. The only ground it is pressing is that the damages awarded by the verdicts are excessive, and, therefore, the trial justice erred in failing to order new trials unless plaintiffs filed remittiturs. The defendant is asking us to order new trials unless plaintiffs file remittiturs of such amounts as we find are excessive. G. L. 1956, §9-23-1. In addition defendant contends

that since it is not clear from his decision that the trial justice exercised his independent judgment in passing on the motions, we should not give it the usual weight.

It appears from the record that he denied the motions from the bench on the day after hearing arguments thereon. His decision is brief and very general. Although it may very well be that he made his decision after exercising his independent judgment on the weight of the evidence and the credibility of the witnesses, the generality of his language deprives us of the benefit of his judgment and compels us to examine the record ourselves to determine whether in our judgment the evidence strongly preponderates against the verdicts. *Daniels* v. *Yanyar,* 80 R. I. 204, 209. But in these circumstances defendant has the burden on review to show that the verdict is contrary to the great weight of the evidence. *Broccoli* v. *Krzyston,* 87 R. I. 41, 44.

We shall discuss briefly only such evidence as we deem pertinent to defendant's contention that the verdicts are grossly excessive.

The accident occurred on December 2, 1955 at a street intersection in Providence. The cases were tried in the superior court in late May and early June 1961. After describing how the accident happened, the plaintiff wife testified that she received certain bodily injuries which caused her great pain and suffering over a long period of time and necessitated prolonged medical care and treatment. She also testified that she was suffering from some of the injuries at the time of the trial.

Doctor Frank D. Fratantuono testified that he treated her for the injuries and the resulting pain and suffering at various times from December 5, 1955 to February 5, 1958 and that he examined her a few days before the trial. He made the following diagnosis: Contusion of right shoulder; subdeltoid bursitis, right shoulder; contusion of right elbow; contusion of left chest wall; contusion of left knee; contusion of right ankle; right ankle sprain; lumbosacral

strain; whiplash injury to neck and hysteria with migraine. He stated that he put Mrs. Raiff through certain tests to satisfy himself that her pain was real and he found that her complaints were justified. Although there is no evidence of permanent injuries, he stated that he could not predict how long she would continue to suffer from her condition.

The plaintiff husband's monetary damages, which totaled $730.65, consisted of the following expenditures: Automobile repairs, $245.65; Dr. Fratantuono's bill, $235; medicines and supplies, $50; and $200 paid to a housekeeper for Mrs. Raiff over a period of eight weeks after the accident.

The defendant contends that Mrs. Raiff exaggerated her injuries; that there is a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injuries sustained; and that therefore $3,200 was a grossly excessive verdict. The defendant in effect is saying that the testimony of plaintiffs and Dr. Fratantuono on the question of pain and suffering and money expended is not wholly credible. However, the question of credibility is primarily for the jury to determine. They had the opportunity of seeing and hearing the witnesses testify and were therefore in a better position than we are in passing on credibility.

The jury obviously believed the testimony of plaintiffs, as well as that of Dr. Fratantuono, with reference to the wife's injuries and pain and suffering. The amount to be awarded for pain and suffering is a matter peculiarly within the province of the jury. *Broccoli* v. *Krzyston, supra.* As was said in *McGowan* v. *Interstate Consolidated Street Ry.,* 20 R. I. 264, 265: "* * * unless the verdict is such as to shock the conscience, and clearly show that the jury must have been influenced by passion or prejudice, or that they proceeded upon some erroneous basis in arriving at their conclusion, the court will not interfere therewith."

In view of the uncontradicted testimony of Mrs. Raiff and Dr. Fratantuono with reference to her injuries and the pain and suffering resulting therefrom during a span of more than five years we cannot say that there is a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injuries sustained and therefore we must hold that the verdict of $3,200 was not grossly excessive. *Tilley* v. *Mather,* 84 R. I. 499, 501.

In our opinion the defendant has also failed to sustain its burden of showing that the verdict of $800 for the plaintiff husband was contrary to the great weight of the evidence. In view of the uncontradicted evidence that he expended the sum of $730.65 as a consequence of the injuries suffered by his wife and the damages to his motor vehicle and since it appears from the evidence that she may reasonably require additional medical care, we cannot say that the amount awarded is grossly excessive. See *Tilley* v. *Mather, supra.*

In each case the defendant's exception is overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Dick & Carty, Joseph B. Carty,* for plaintiffs.

*McGee and Doorley, Frank J. McGee,* for defendant.