**291 A.2d 413.**

Doris Ruggieri *vs.* Joseph R. Beauregard.

JUNE 8, 1972.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a civil action brought by Doris Ruggieri to recover damages for personal injuries sustained as a result of a collision between two motor vehicles. It was tried together with the case of her husband, Anthony R. Ruggieri, who sought to recover consequential damages, before the late Mr. Justice Perkins of the Superior Court. A verdict was returned in the case of the plaintiff Doris in the amount of $1,500 and in the case of the plaintiff Anthony in the amount of $465.   No appeal was taken from the verdict in the case of Anthony, but a motion for a new trial was filed in the case of Doris.   Prior to hearing that motion Mr. Justice Perkins deceased.

Acting under the provisions of Super. R. Civ. P. 63,[1] the Presiding Justice of the Superior Court assigned the hearing on the motion for new trial to himself.   The motion was argued, and on April 23, 1971, a new trial was granted on the issue of damages only unless the defendant consented to an additur in the amount of $3,400, which would have increased the verdict to a total amount of $4,900. The defendant did not consent to the additur of $3,400 but claimed an appeal to this court from the decision of the Presiding Justice ordering a new trial on the question of damages only unless consent was given to the additur ordered.

The trial justice, in ordering a new trial unless the additur were consented to, noted specifically that the award to Doris Ruggieri "* * * was definitely and positively inadequate, and taking the evidence as I have read it from the

---

[1] Rule 63 reads as follows: "If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then, by order of the Presiding Justice, any other justice may perform those duties; but if such other justice is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may make such order as the circumstances may require."

cold paper, without having the opportunity to see the parties as they testified, relying a great deal upon Dr. Savastano's testimony, I grant an additur in the sum of $3,-400.00." In other words, it is reasonable to assume that the trial justice found that the award of the jury for her pain and suffering and loss of earnings was clearly inadequate and that he granted an additur from the transcript without having had an opportunity to see the parties as they testified.

Rule 63 is of doubtful efficacy when applied to a situation involving a motion for a new trial on the ground that the verdict is contrary to the weight of the evidence. Under our practice a trial justice, in considering a motion for a new trial on such ground, has the obligation of passing upon the evidence, the weight thereof, and the credibility of the witnesses in an exercise of his independent judgment thereon. *Compo* v. *Dexter*, 101 R. I. 311, 222 A.2d 681 (1966). It is obvious, then, that when a trial justice is considering such a motion for a new trial, he is charged with exercising a circumscribed fact-finding power or, in short, acting as a super-juror. It is difficult to perceive the propriety of an exercise of such power where credibility is involved, the successor judge having neither seen nor heard the witnesses as they testified. There may be instances wherein the circumstances are such that the successor judge by scrutinizing the transcript of the evidence could reasonably conclude that no question of credibility of the witnesses confronts him. Such cases in the very nature of things, however, will be rarely encountered.

Professor Kent in his commentary on Rule 63, 1 Kent, *R. I. Civ. Prac.* §63.1, emphasizes the need for a close scrutiny of the record in these cases to determine whether questions of credibility and weight exist. The writer says: "However, if the record discloses no basis for believing that a problem of credibility exists, he may well be able

to rule upon the motion upon examining the transcript of testimony. * * * However, if the judge designated to consider the motion does find that the record presents issues as to credibility, this writer presently believes that a new trial should be ordered."

Professor Kent directs to our attention in §63.1 that the trial process in its entirety assumes a review of the verdict of the jury by a judge on a motion for a new trial and under our practice that this includes evaluation of any questions of credibility that exist. Where a party has been denied such a review, he has been denied a meaningful portion of the trial process. For this reason Professor Kent feels quite clearly that only in exceptional cases where the record discloses no questions of credibility confronting him should the successor judge attempt to determine whether the verdict is contrary to the weight of the evidence.

We hold, then, that Rule 63 vests a successor judge with judicial discretion to review the jury verdict on a motion for new trial on the ground that such verdict was contrary to the weight of the evidence where the record clearly discloses that no question of the credibility of the witnesses or the weight to be given to their testimony will require resolution by him.

In our opinion, the record in the instant case disclosed that the adequacy of the award to plaintiff rested in substantial degree on the evidence relating to her pain, suffering, and disability and presented a question of the extent to which such evidence was to be given credence and weight. An examination of the transcript is persuasive that the jury awarded a verdict of $1,500 because it did not give full credence to the testimony of plaintiff as to her disability and her pain and suffering.

The decision of the successor judge itself discloses its recognition that the question of credibility of plaintiff was

in issue, particularly as it related to the extent, intensity and duration of the pain, numbness, and disability she claimed to have suffered. Even though the medical witness testifying in her behalf tended to corroborate her testimony in some degree, it is obvious that the issue raised a substantial question as to the credibility of plaintiff. To resolve the question of her credibility would depend largely upon the observations of the witness testifying at trial, and it is clear that the trial justice, although he was not present to see and hear this witness testify, based the additur on a belief that she was entirely credible.

It is our conclusion, then, that the trial justice should have been alerted by the state of the record to the fact that questions of credibility and weight would confront him were he to review the jury's verdict on the motion for new trial. In the circumstances it is our further conclusion that in undertaking to pass upon the motion without having had the advantage of seeing and hearing the witnesses constituted an abuse of his sound judicial discretion.

Inasmuch as it is obvious that the award of the additur in this case was based substantially, if not fully, on the question of pain and suffering, we deem it appropriate to direct the attention of the Bar to the fact that the amount to be awarded for pain and suffering is a matter peculiarly within the province of the jury and that on a motion for new trial, unless the verdict with respect to such pain and suffering is such as to shock the conscience and to strongly suggest that the jury was influenced by passion or prejudice or that it proceeded upon some erroneous basis in ascertaining the amount of the award, a court will not interfere with the amount set out in the verdict. *Broccoli* v. *Krzyston*, 87 R. I. 41, 137 A.2d 740 (1958); *McGowan* v. *Interstate Consolidated Street Ry.*, 20 R. I. 264, 38 A. 497 (1897). It seems obvious that if the trial justice should

so act when considering a motion for new trial, a successor justice who neither saw nor heard the witnesses testifying could not determine whether the award was such as to shock the conscience of the court.

The appeal of the defendant is sustained, the order granting a new trial subject to consent to an additur is quashed, and the case is remitted to the Superior Court for a new trial on the issue of damages only.

*Stephen F. Mullen,* for plaintiff.

*John H. McHugh, John G. Carroll,* for defendant.