404 A.2d 62.

RICHARD BRUNO *et al. vs.* CARMINE CAIANIELLO *et al.*

JULY 23, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. In this civil action, the plaintiff[1] sought to recover damages for injuries allegedly sustained when her automobile was struck from behind by an automobile operated by the defendant, Margaret Caianiello.[2] A Superior Court jury determined that each party was 50 percent negligent and that the plaintiff had sustained $3,323.55 in damages.[3] Disagreeing with the verdict, the plaintiff moved for a new trial or an additur. The trial justice denied the motions and the plaintiff has appealed. The plaintiff asserts that the trial justice erred because the liability finding was erroneous and the damage award was inadequate. For reasons stated herein we affirm the decision of the court below.

## I

We first address the question of liability. The plaintiff, Joan Bruno, testified that on December 15, 1972, she was working as a secretary at the Davol Rubber Company in Cranston. On this particular day she left work at about 4 p.m., a few minutes earlier than usual because of the inclement weather. It was snowing and two inches of snow had accumulated on the ground. She drove her car out of the driveway exit road leading from the company parking lot into Sockanossett Road. She admitted that her car was not equipped with snow tires. She stated that before entering and turning right on Sockanossett Road, she stopped and looked both ways. To the left, the road sloped upward to where it

---

[1] The record indicates that only the plaintiff, Joan Bruno, filed an appeal. Since the issues raised concern her only, we will refer to plaintiff in the singular.

[2] The defendant Carmine Caianiello was the alleged owner of the vehicle operated by defendant Margaret Caianiello. Our reference in this opinion to defendant concerns only Margaret.

[3] That amount was reduced by 50 percent because of the liability assessment.

crested approximately 100 yards from the exit road. She testi-
fied that she saw no traffic in either direction. She further
testified that she then proceeded down Sockanossett Road at
a speed of 25 miles per hour for a distance of approximately
100 yards when her car was then struck in the rear by a car
operated by defendant. Arlene Lanifero, a coworker of
plaintiff, testified in corroboration of plaintiff's claim that
the accident happened 100 yards from the intersection.

The defendant's version of the accident was substantially
different. She testified that at the time of the accident, she
was 17 years old and was driving three other girls home from
shopping. She described the driving conditions as "bad." She
said that the streets had not been plowed and were covered
by two inches of snow. It was dusk. She had her car lights
and windshield wipers on. Driving east on Sockanossett
Road, she said her speed was 15 m.p.h. as she approached
the Davol Rubber Company exit road. When she was within
three or four car lengths of the exit road, she said she saw
plaintiff entering the roadway in front of her at a very slow
speed. She sounded her horn and tapped her brakes. The
braking caused her car to slide into and bounce off of the
curbing on the right side of the road. Barely moving, her car
then hit the rear of plaintiff's car. She testifed that the colli-
sion occurred no more than 40 feet past the intersection. Her
testimony was corroborated by Joan Seymour, a passenger in
her car. Seymour stated that plaintiff had pulled out of the
exit road without stopping and was struck by defendant's car
about two car lengths past the exit road.

The only objective testimony on the question of liability
came from police officer Thomas Gaulin who had investi-
gated the accident. Although he had no independent
memory of his investigation at the time of trial, a diagram in
his accident report indicated, and he so testified, that the
accident was an "intersection" collision and had not occurred
further down the road as claimed by plaintiff. He further
testified that at the time of his investigation, he had been
informed that there were no injuries. He also stated that he
observed that the paint was scraped on the left-front fender

of defendant's car and that the rear hatchback door of plaintiff's car was "damaged."

Based on this evidence plaintiff argues that the jury was not warranted in finding her 50 percent negligent and therefore the trial justice misconceived the evidence in denying her motion for a new trial. The crux of her argument is that proof of a rear-end collision made out a prima facie case of negligence that was not rebutted. She argues that even defendant's testimony indicated that the accident occurred 40 feet past the intersection. According to plaintiff, this fact establishes that she had safely entered onto Sockanossett Road well before her car was struck from behind.

[1,2]  We are not persuaded by this analysis. The plaintiff assigns talismanic prowess to the evidentiary effect of a rear-end collision. Although the occurrence of a rear-end collision is prima facie evidence that the driver of the rear car was negligent, it does not ipso facto foreclose the issue of liability. *See Galusha* v. *Carlson,* RI. 120, 204, 386 A.2d 634, 636 (1978); *Nelson* v. *Grilli,* 117 R.I. 538, 540, 368 A.2d 1234, 1235 (1977); *Rivard* v. *Plante,* 80 R.I. 312, 320, 96 A.2d 644, 647-48 (1953). Here, there was rebutting evidence that, if believed, strongly indicated that plaintiff was at least partially at fault. There was evidence that plaintiff, whose car lacked snow tires, had entered the snow-covered intersection without stopping and had pulled out abruptly in front of defendant's car. Accordingly, we find no merit in plaintiff's contention that the trial justice misconceived the evidence. ·

## II

We next focus on the issue of damages. The plaintiff asserts that the jury's damage award did not adequately compensate her for pain and suffering, and therefore, she was entitled to a new trial or to an additur. The plaintiff also claims that the trial justice erred by failing to discuss his reasons for denying plaintiff's motion for a new trial on this issue.

In *Morinville* v. *Morinville,* 116 R.I. 507, 359 A.2d 48 (1976), we stated that a trial justice's decision on a motion for a new trial "should at least refer sufficiently to what motivates him to rule as he does so that the reviewing court can determine whether he had overlooked or misconceived material evidence on a controlling issue or is otherwise clearly wrong." *Id.* at 511-12, 359 A.2d at 51. We agree with plaintiff that the decision of the trial justice in the instant case fails to meet the *Morinville* standard. His brief decision on her new-trial motion is devoid of any discussion on the damage issue. Such a decision is inadequate for appellate review. Hence we shall ignore it and apply the appropriate appellate rule. Usually we would look to the record for competent evidence which, if believed, would sustain the jury's verdict. However, when the issue concerns the adequacy of damages for pain and suffering, we have formulated a different rule. In *Wood* v. *Paolino,* 112 R.I. 753, 315 A.2d 744 (1974), we stated that, "[t]he adequacy of damages for pain and suffering, however, is determined by an exercise of our judgment and an application of our experience in the affairs of life and our own knowledge of social and economic matters." *Id.* at 758, 315 A.2d at 746. *See Quince* v. *State,* 94 R.I. 200, 204, 179 A.2d 485, 487 (1962).

The amount to be awarded for pain and suffering is a matter peculiarly within the province of the jury. We shall not disturb a jury's award unless the amount awarded "shocks the conscience," or indicates that the jury was influenced by "passion and prejudice," or that it proceeded on some erroneous basis. *Ruggieri* v. *Beauregard,* 110 R.I. 197, 201, 291 A.2d 413, 415 (1972); *Raiff* v. *Yellow Cab Co.,* 93 R.I. 474, 477, 176 A.2d 718, 720 (1962). We have also stated that in order for a new trial to be granted on the question of damages, there must be a "demonstrable disparity between the award and the damages sustained such that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties." *Roberts* v. *Kettelle,* 116 R.I. 283, 301, 356 A.2d 207, 218 (1976).

The plaintiff's evidence indicated that her special damages

were $3,408.65.[4] The jury's damages verdict was $3,323.55. The plaintiff claims that since the damage award approximated the amount sought for special damages, the jury awarded an inadequate sum for pain and suffering damages.

We do not, however, feel bound to accept plaintiff's assumption that the jury's general verdict consists exclusively of compensation for special damages and contains nothing for pain and suffering. The jury was not required to accept all of plaintiff's evidence on special damages. For example, the jury could have reasonably concluded that such a relatively minor collision did not support the allegation that plaintiff was unable to work for 13 weeks. Moreover, the jury could have looked with incredulity on the extent of the injuries and consequent pain and suffering claimed by plaintiff. *See Pimental* v. *D'Allaire,* 114 R.I. 153, 157, 330 A.2d 62, 64 (1975).

We believe that these are fact questions "peculiarly within the province of the jury." *See, e.g., Raiff* v. *Yellow Cab Co.,* 93 R.I. at 477, 176 A.2d at 720 (1962). Applying the appellate standard outlined above in *Wood,* we see nothing in the record to suggest that the jury's award "shocks the conscience," or was a product of "passion or prejudice."

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Gerard McGovern DeCelles, Thomas C. Angelone,* for plaintiff.

*Eugene V. Higgins,* for defendant.

---

[4] A. Medical expenses—$1,666.65
B. Thirteen weeks lost wages—$1,742