**Tanous FARIS, Petitioner,**

v.

**The Honorable Sandra I. ROTHENBERG, one of the Judges of the Second Judicial District, and the District Court In and For the City and County of Denver, Respondents.**

No. 81SA548.

Supreme Court of Colorado.

July 26, 1982.

Robert Bugdanowitz, Denver, for petitioner.

Geer & Goodwin, P.C., Robert E. Goodwin, Denver, for Respondents.

ROVIRA, Justice.

The petitioner, Tanous Faris, filed this original proceeding seeking relief in the nature of prohibition pursuant to C.A.R. 21. He challenges an order entered by the respondent district judge granting a new trial in a dissolution of marriage action. *See In re the Marriage of Faris*, No. D–73086 (Denver Dist.Ct., Oct. 28, 1981). We issued a rule to show cause why the requested relief should not be granted. We now discharge the rule.

I.

The present case arises out of a dissolution of marriage action which was tried before the Honorable Howard Kirshbaum when he was a judge in the District Court in and for the City and County of Denver. A decree of dissolution was entered and custody of the parties' four children was awarded to the mother, Damarous Faris. On April 29, 1980, Judge Kirshbaum entered written findings of fact, conclusions of law and an order concerning maintenance, child support and the division of the marital property. The order was entered nunc pro tunc to December 3, 1979.

Damarous Faris filed a motion for a new trial pursuant to C.R.C.P. 59. However, by the time the motion was considered, Judge Kirshbaum had resigned from the district court in order to accept his present position with the Colorado Court of Appeals. Accordingly, the new trial motion was heard and decided by Judge Rothenberg.

Judge Rothenberg granted the new trial motion for the following reasons: (1) the court erred as a matter of law in placing the burden of proof with respect to the issue of the existence of good will in the husband's medical practice corporation upon

the wife and in making no findings of fact with respect to the credibility of the expert witnesses presented on the issue of the existence and value of the good will; (2) the court erred as a matter of law in valuing the husband's professional corporation and pension plan funds; (3) the court erred as a matter of law in concluding that section 14–10–114, C.R.S.1973, precluded an award of maintenance under the facts of the case; (4) the findings of fact with respect to child support were insufficient to support the ruling that $115.00 per month per child was adequate, the child support award was inconsistent with the judge's stated objectives, and it was not supported by the evidence; and (5) the court erred in ordering the husband to execute a promissory note for $66,000.00 to the wife payable at $550.00 per month without interest and there was insufficient evidence to support this aspect of the order. Judge Rothenberg concluded that Judge Kirshbaum would, if afforded the opportunity, grant a new trial.

### II.

Petitioner argues that the respondent court exceeded its jurisdiction or abused its discretion in granting the motion for a new trial. We do not agree.

C.R.C.P. 63 provides:

"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

1. Fed.R.Civ.P. 63 is identical to C.R.C.P. 63. Thus, federal cases and authorities interpreting the federal rule are highly persuasive. *See Sandefer v. District Court*, 635 P.2d 547 (Colo. 1981).

2. The respondent argues that the extraordinary writ of prohibition focuses solely upon the issue of the lower court's jurisdiction. *See*

■ Under Rule 63, "disability" includes anything that renders a judge incapable of performing his legal duties. *See* 11 *C. Wright & A. Miller, Federal Practice and Procedure* § 2922 (1973).[1] Thus, upon Judge Kirshbaum's resignation from the district court, Judge Rothenberg, as the successor judge, was empowered "to perform the duties to be performed by the court under [the] rules after ... findings of fact and conclusions of law [were] filed...." C.R.C.P. 63.

The duties entrusted to a successor judge under Rule 63 include ruling on motions for a new trial. *See* 7 *J. Moore & J. Lucas, Moore's Federal Practice* ¶ 63.06 (2d ed. 1982). Accordingly, petitioner's argument that the respondent court was proceeding without or in excess of its jurisdiction cannot prevail.

■ Petitioner also argues that the respondent court abused its discretion in granting the motion for a new trial.[2] We do not agree.

C.R.C.P. 59(a) provides that a new trial may be granted for the following reasons, *inter alia,*: "(6) Insufficiency of the evidence; (7) Error in law." Here, a new trial was granted upon finding errors of law and that the award was not supported by the evidence.

Certainly, the judge who tried the case may reconsider his prior rulings of law and may review the sufficiency of the evidence presented. Further, if the trial judge grants a new trial, the order is not appealable until after a final judgment has been entered following the new trial. C.R.C.P. 59(g).

A successor judge, although standing in the shoes of the original trial judge, is at a

C.A.R. 21. In recent years, however, this court has extended the grounds for granting a writ in the nature of prohibition to include, in appropriate cases, an abuse of discretion on the part of the lower court. *See Western Food Plan, Inc. v. District Court*, 198 Colo. 251, 598 P.2d 1038 (1979).

disadvantage. Not having been present during the trial, the successor judge is handicapped in his ability to assess the credibility of witnesses and the weight to be given to the testimony presented. *See Miller v. Pennsylvania Railroad Co.*, 161 F.Supp. 633 (D.D.C.1958). Accordingly, it would be difficult to rule on a motion for a new trial which challenges the sufficiency of the evidence where credibility of witnesses is involved.

■ C.R.C.P. 63, in apparent contemplation of such a problem, provides that "if [a successor] judge is satisfied that he cannot perform those duties because he did not preside at the trial ... he may in his discretion grant a new trial." We conclude that a successor judge has discretion to rule on a motion for a new trial which challenges the sufficiency of the evidence. In those cases where the record discloses issues involving the credibility of witnesses, that discretion should be exercised carefully, giving due regard to the presumption that the rulings of the trial judge are correct. *See Ruggieri v. Beauregard*, 110 R.I. 197, 291 A.2d 413 (1972); *see also Sunshine v. Sunshine*, 30 Colo.App. 67, 488 P.2d 1131 (1971).

In the present case, the successor judge granted a new trial based, in part, upon the sufficiency of the evidence with respect to the award of child support and the division of property involving the execution of a promissory note in favor of the wife. Further, she noted that there were no findings of fact with respect to the credibility of the expert witnesses presented on the issue of the good will, if any, existing in the petitioner's medical practice.

While the respondent court did not couch its order granting a new trial in the language of C.R.C.P. 63, we conclude that under the rule, the granting of a new trial was not an abuse of discretion. The successor judge would have to consider the credibility of various witnesses in determining whether the evidence supported the finding that there was no good will in the petitioner's medical practice. Further, if any issues of credibility were raised concerning the amount of child support, a new trial properly was ordered. Alternatively, even if no issue of credibility was presented, it was within the successor judge's discretion to assess the sufficiency of the evidence and order a new trial under C.R.C.P. 59.

■ Finally, we conclude that a successor judge may consider challenges to rulings of law presented in a motion for a new trial. C.R.C.P. 59 and 60. *United States Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172 (3d Cir. 1981); *TCF Film Corp. v. Gourley*, 240 F.2d 711 (3d Cir. 1957). However, we do not, at this time, reach the merits of the successor judge's rulings. Issues of law may be argued once again in the new trial, and any challenge to her ruling granting a new trial or to the rulings of the judge in the new trial may be raised by way of appeal once a final judgment is entered in the case. *See* C.R.C.P. 59(g).

We conclude that the respondent court did not abuse its discretion or exceed its jurisdiction in granting the motion for a new trial.

Rule discharged.

ERICKSON, J., does not participate.