In re the MARRIAGE OF: Dennis F. THOMPSON, Appellant,

and

Cynthia D. Thompson, Appellee.

No. 81CA0867.

Colorado Court of Appeals, Div. III.

Sept. 16, 1982.

Warren B. Bosch, Denver, for appellant.

Miller & Gray, P.C., Daniel C. Hale, Boulder, for appellee.

KELLY, Judge.

After the entry of permanent orders in this dissolution of marriage proceeding, husband moved for review of the referee's report on which the permanent orders were based. He contends that the referee who presided at the hearing and made recommendations to the district court lacked jurisdiction under local rules of court and failed to consider the statutory factors concerning property division and child support. The trial court concluded that husband was estopped from challenging the permanent orders because he had entered into a stipulation with provisions identical to those in the permanent orders. Since we disagree with the trial court's conclusion, we set aside the order and remand for further proceedings.

In December 1979, the trial court, based upon recommendations of the referee, entered permanent orders on the issues of child custody, child support, and property division. Husband made a timely motion to the trial court for review of the referee's report. Subsequently, wife brought contempt proceedings against husband for failure to pay child support. These contempt proceedings were resolved by a stipulation in October 1980, which provided for payment of child support and arrearages. In May 1981, the trial court denied husband's motion for review of the referee's report, agreeing with wife that husband was estopped from challenging it because the terms of the stipulation were identical to those of the 1979 orders. We disagree.

The doctrine of estoppel has been used in this context to prevent a party from raising the issue of jurisdiction. *In re Estate of Lee v. Graber*, 170 Colo. 419, 462 P.2d 492 (1969). The doctrine provides that "one who accepts and retains the fruits of a void judgment cannot afterwards repudiate his action and take advantage of its invalidity." *Arthur v. Israel*, 15 Colo. 147, 25 P. 81 (1890), *quoted in People ex rel. Kuiper v. Winden*, 196 Colo. 6, 580 P.2d 1238 (1978).

Here, however, husband's agreement to abide by the permanent orders to avoid a

contempt proceeding does not support a finding of estoppel. Husband's timely motion to review the referee's report was not heard for one year and five months after the permanent orders were entered. His obedience to the orders during the interim cannot be characterized as taking advantage of their invalidity. Husband's alternative would have been disobedience of the court orders, which would have resulted in contempt of court. Thus, the motion for review should be considered on its merits.

■ Wife's contention that a sitting judge is without authority to review the permanent orders entered by a retired judge is without merit. *Faris v. District Court,* 648 P.2d 1089 (Colo., 1982). Her contention that husband's notice of appeal was untimely is also without merit.

The order denying the motion to review is set aside and the cause is remanded with directions to hold a hearing on the issues raised by the motion.

PIERCE and KIRSHBAUM, JJ., concur.