**DAVIS BROS., INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**UNITED BANK OF LITTLETON, a Colorado banking corporation, Defendant-Appellant.**

**No. 84CA0456.**

Colorado Court of Appeals, Div. I.

April 25, 1985.

Moye, Giles & O'Keefe, Edward M. Giles, P.C., Denver, for plaintiff-appellee.

Anderson & Carey, Kevin J. O'Brien, Littleton, for defendant-appellant.

PIERCE, Judge.

Defendant, United Bank of Littleton (the Bank), appeals from a judgment awarding damages to plaintiff, Davis Bros., Inc., for conversion by the Bank of inventory and intangibles in which Davis Bros. and the Bank had conflicting security interests. We affirm in part and reverse in part.

The Bank and Davis Bros. were creditors of Drug Fair, Inc. (debtor), a retail drug store and pharmacy. On November 14, 1975, the Bank filed a financing statement covering as to the debtor "[a]ll inventory, furniture, fixtures, equipment, accounts receivable and machinery, now owned or hereafter acquired." On September 27, 1976, Davis Bros. filed a financing statement to secure a note owed by debtor in the amount of $62,822.28 (presumably never reduced), and which listed, among other things, debtor's inventory, "all prescription records," and:

"all drug and sundry inventory of debtor which debtor has purchased or may purchase from secured party and in which secured party has taken or will take a purchase money security interest."

Davis Bros. subsequently supplied debtor with merchandise for sale in its business on a weekly credit basis.

The Bank learned of Davis Bros.' financing statement on February 16, 1977, as the result of a lien search. However, Davis Bros. did not give the Bank any other notice that it had or expected to acquire a purchase money interest in debtor's inventory. During April of 1979, the Bank took possession of and sold debtor's inventory and prescription records without giving Davis Bros. notice of the sale. At the time of the sale, debtor owed Davis Bros. $7,951.84 on an open account for drugs and sundries purchased from Davis Bros. after the filing of Davis Bros.' financing statement. This amount was over and above the amount due on the note.

Davis Bros. then brought suit for an accounting of the proceeds of the sale and for damages for conversion of the items in which it had priority. The trial court granted summary judgment as to Davis Bros.' claim for conversion of debtor's prescription records and the drugs and sundries as to which Davis Bros. had a purchase money security interest. Following trial on the issue of damages, the court entered judgment for $25,000 for conversion of the prescription records, and $7,951.84 plus interest at the rate of 18% per annum for conversion of the drugs and sundries.

After the Bank filed its motion to alter or amend or for new trial, the judge who presided at the trial retired, and the motion was later denied by another judge.

### I.

On appeal, the Bank first contends that the resignation of the judge who heard the case prior to a ruling on its motion for new trial necessitates that a new trial be granted. This contention was considered and rejected in *Faris v. Rothenberg*, 648 P.2d 1089 (Colo.1982).

### II.

The Bank also contends that there was insufficient evidence to support the damage award for conversion of the prescription records. We disagree.

First, Davis Bros.' financing statement specifically covered the prescription records, but the Bank's statement did not cover these records. Second, while the evidence was in sharp conflict as to the value of prescription records, there was sufficient evidence to support the trial court's resolution of that conflicting evidence. Accordingly, the trial court's determination will not be disturbed on appeal. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### III.

The Bank next alleges that the trial court erred in awarding damages for conversion of the debtor's inventory. We agree.

Section 4–9–312(3), C.R.S. (1984 Cum. Supp.) sets forth the conditions under which a purchase money security interest takes priority over a conflicting security interest in the same inventory. First, the purchase money security interest must be perfected at the time the debtor receives possession of the inventory, a requirement fulfilled if a financing statement has already been filed as to the inventory. *See* § 4–9–302, C.R.S. Second, the holder of a conflicting security interest who has filed a financing statement covering the same types of inventory prior to the filing by the purchase money secured party must be given notification in writing that "the person giving the notice has or expects to acquire a purchase money security interest in inventory of the debtor, describing such in-ventory by item or type." Section 4–9–312(3)(b) and (d), C.R.S. (1984 Cum.Supp.).

Prior to January 1, 1978, however, the notice requirement of § 4–9–312(3), C.R.S., was only that the party having a conflicting security interest *"received* notification of the purchase money security interest before the debtor receives possession of the collateral covered by the purchase money security interest." (emphasis added)

As a preliminary matter, it is necessary to determine which version of the statute is applicable to the inventory at issue here in order to determine whether there was compliance with the notice provision.

Section 4–10–207, C.R.S. (1984 Cum. Supp.) states that the 1978 version of the Uniform Commercial Code controls questions of priority unless "the positions of the parties were fixed prior to January 1, 1978," in which case the earlier version controls. Here, the Bank, having filed its financing statement first, had priority as to all inventory in which Davis Bros. did not have a purchase money security interest. *See* § 4–9–312(5), C.R.S. The Bank's position was secondary, however, as to purchase money security interests under the circumstances set forth in § 4–9–312(3).

The position of the parties as to each item of inventory was fixed only when the debtor received possession of the inventory, since prior to that time the relative priorities of the secured parties as to that item could not be determined. Accordingly, § 4–9–312(3)(b), C.R.S. (1984 Cum.Supp.) applies to all inventory acquired by the debtor after January 1, 1978. Additionally, since it is undisputed that Davis Bros. sent no written notice to the Bank complying with this statutory requirement, the Bank has priority as to all inventory sold to the debtor after January 1, 1978.

The account statement attached as an exhibit to the affidavit of the credit manager of Davis Bros., which set forth the charges constituting the $7,951.84 balance for inventory, reveals that all of the charges were incurred within 30 days of the statement date of March 30, 1979.

Thus, the Bank had priority as to all the inventory whose financing was reflected in the account statement, and the trial court erred in entering judgment against the Bank for that sum.

The judgment is affirmed as to the award of $25,000 for conversion of the prescription records, and is reversed as to the award of damages for conversion of inventory.

SMITH and BABCOCK, JJ., concur.