Jerry R. BERGESON and Sharon
Bergeson, Plaintiffs–
Appellees,

v.

MIDWAY DEVELOPMENT CO. NO. 3, a
Colorado limited partnership; Mike A.
Leprino, individually, and as a general
partner of Midway Development Co.
No. 3; Ridgewood Realty, Inc., a Colo-
rado corporation; and Elbert Wilcox,
Defendants–Appellants.

No. 90CA1085.

Colorado Court of Appeals,
Div. V.

Aug. 1, 1991.

Bradley, Campbell, Carney & Madsen, P.C., Victor F. Boog, Golden, for plaintiffs-appellees.

Glen B. Maynard, P.C., Glen B. Maynard, Golden, for defendants-appellants.

Opinion by Judge JONES.

Defendants, Midway Development Co. No. 3, Mike A. Leprino, Ridgewood Realty, Inc., and Elbert Wilcox, appeal from the trial court order denying them attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A), against plaintiffs, Jerry R. and Sharon Bergeson. We affirm.

Plaintiffs initiated this action, asserting five claims against defendants. Two of the five claims were dismissed at the close of plaintiffs' case, and the jury returned a verdict in favor of defendants on the remaining claims. Defendants sought attorney fees pursuant to § 13–17–101, but the trial court denied the motion.

### I.

■ Defendants contend that the trial court erred in denying the attorney fees motion as to the two claims dismissed at the close of plaintiffs' case. They also argue that the motion for attorney fees was improperly decided by a different judge than the one who heard the evidence at trial. We disagree.

■ In an action involving multiple claims in which it is determined that some of the claims are frivolous, a defendant may be awarded attorney fees pursuant to § 13–17–101 which may then be apportioned to the defense of the frivolous claims. *See Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984).

Contrary to defendants' arguments, the trial court did not find that the two claims it dismissed were groundless. Rather, it ruled merely that plaintiffs had failed to make out a prima facie case. Also, the record reveals that the trial court denied defendants' motion for summary judgment prior to the trial. On this record, we find no error in the trial court's determination that plaintiffs' claims were not groundless. *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

Moreover, defendants cite no authority and we are aware of none which requires the same judge to preside at trial and rule on a post-trial motion for attorney fees.

■ Indeed, application of the rubric and logic of C.R.C.P. 63 would mandate that a successor judge who did not preside over the trial in a case may consider a motion for attorney fees in such case. C.R.C.P. 63 states in relevant part:

"If by reason of death, sickness, *or other disability,* a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, *then any other judge* sitting in or assigned to the court which the action was tried may perform those duties...." (emphasis added)

In *Faris v. Rothenberg,* 648 P.2d 1089 (Colo.1982), the Colorado Supreme Court interpreted the word "disability" in C.R.C.P. 63 to include any status that renders a judge incapable of performing his or her legal duties. Thus, in that case, upon one district judge's retirement from district court, or "disability," another judge was empowered to perform those duties remaining to be performed by the court. *See* 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2922 (1973).

And, in *In re Marriage of Thompson,* 653 P.2d 83 (Colo.App.1982), a division of

this court held that a spouse's contention that a sitting judge is without authority to review the permanent orders entered by a retired judge was without merit.

Finally, the resignation of a judge who presided over a trial prior to ruling on a motion for new trial was held not to preclude another judge from ruling on that motion. *Davis Brothers, Inc. v. United Bank*, 701 P.2d 642 (Colo.App.1985).

Here, a retired judge was appointed by the State Court Administrator to preside over the trial of this case because "there is an accumulation of trials and other judicial business which the judges in the ... First Judicial District are unable to speedily determine." The retired judge was specifically appointed to replace the judge to whom the case had originally been assigned for the period "February 5 through 9, 1990."

Thus, the retired judge was empowered to preside over the trial for the period specifically set forth in the State Court Administrator's written assignment. Although the expiration of the assignment period does not divest the specially assigned judge of authority to preside further over the case, *see Roberts–Henry v. Richter*, 802 P.2d 1159 (Colo.App.1990), we conclude that under certain circumstances it may be impractical for the specially assigned judge to sit beyond the term of the administrator's assignment.

If, as here, the specially assigned judge is unavailable beyond the specific term of his assignment, then any judge in that judicial district may consider post-trial matters as successor judge. Section 13–5–132, C.R.S. (1987 Repl.Vol. 6A); C.R.C.P. 63; *K–R Funds, Inc. v. Fox*, 640 P.2d 257 (Colo.App.1981); *Sunshine v. Robinson*, 168 Colo. 409, 451 P.2d 757 (1969).

Here, those duties entrusted to such successor judge included ruling on a motion for attorney fees. Hence, the contention that the motion was improperly resolved by the successor judge must fail.

## II.

Defendants also contend that they are entitled to an award of attorney fees because plaintiffs claimed exemption from mandatory arbitration on grounds that are not allowed by C.R.C.P. 109.1. We disagree.

Plaintiffs set out in their complaint the basis for their claimed exemption from mandatory arbitration, citing the fact that exemplary damages may not be awarded by arbitrators and that the combination of actual and exemplary damages sought were expected to exceed the $50,000 limit. Defendants did not object to this claimed exemption until after the trial when they sought attorney fees. Without deciding whether plaintiffs' claim was actually exempt from mandatory arbitration under C.R.C.P. 109.1, we agree with the trial court that the claim was not groundless and is, therefore, not a basis for an award of attorney fees.

We decline to award plaintiffs attorney fees for defending this appeal. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984).

The order is affirmed.

PLANK and NEY, JJ., concur.