KATHERINE E. MCGOWAN *vs.* INTERSTATE CONSOLIDATED STREET RAILWAY COMPANY.

PROVIDENCE—OCTOBER 26, 1897.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

Where substantial damages have been awarded by the jury, courts are very reluctant to grant a new trial on account of the inadequacy thereof.

In personal torts there is no scale by which the damages can be graduated with certainty, and hence they admit of no other test than the intelligence of the

jury, governed by a sense of justice, in view of all the facts of a particular case.

The court will not interfere with a verdict unless it be such as to shock the conscience, and clearly show that the jury must have been influenced by passion or prejudice, or that they proceeded upon some erroneous basis in arriving at their conclusion.

Nor will the court disturb a verdict when there is nothing to show that it does not represent the honest judgment of competent and fair minded men.

PLAINTIFF'S petition for a new trial, on the ground that the jury awarded her inadequate damages.

TILLINGHAST, J.   The plaintiff petitions for a new trial, on the ground that the damages awarded by the jury were grossly inadequate to compensate her for the injuries sustained through the negligence of the defendant corporation. The amount awarded to her was $5,000.

It is true that the evidence shows a case of very severe and probably permanent injury. But where substantial damages are awarded in an action of this sort, courts are very reluctant to grant a new trial on account of the inadequacy thereof. See *Taunton Co.* v. *Smith Mfg. Co.*, 9 Pick. 11. In personal torts there is no scale by which the damages can be graduated with certainty, and hence they admit of no other test than the intelligence of the jury, governed by a sense of justice, in view of all the facts of the particular case. 1 Graham and Waterman New Trials, 451. And, unless the verdict is such as to shock the conscience, and clearly show that the jury must have been influenced by passion or prejudice, or that they proceeded upon some erroneous basis in arriving at their conclusion, the court will not interfere therewith. See Sedgwick on Damages, 6 ed. 766, note 3. Such a case is not presented by the record before us. The extent of the plaintiff's injuries, and the money damages which would adequately compensate her therefor, were questions upon which different minds might very naturally and very honestly arrive at different conclusions. The jury were in the best possible position to judge intelligently and fairly in relation thereto ; and, while the amount awarded may not be so large as another jury, or even the court, perhaps, might award,

yet, there being nothing to show that it does not represent the honest judgment of competent and fair minded men, we have no right to disturb it.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Stephen O. Edwards, Walter F. Angell, and Seeber Edwards,* for plaintiff.

*Frank S. Arnold,* for defendant.