208 A.2d 537.

RUTH SIMMONS *vs.* UNITED TRANSIT COMPANY.

MARCH 29, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence brought to recover damages for injuries alleged to have been sustained by the plaintiff while a passenger in a bus owned and operated by the defendant. The case was tried to a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $13,000. The defendant is in this court prosecuting an exception to the decision of the trial justice denying its motion for a new trial on the ground that the verdict is grossly excessive.

In passing upon a motion for a new trial on the issue of excessive damages, it is the duty of the trial justice in an exercise of his independent judgment to pass upon the

weight and credibility of the evidence adduced as to the damages. *Cioe* v. *Pennacchia*, 88 R. I. 133. If in so doing he finds that the award is grossly in excess of an amount adequate to compensate for the injuries as established by the evidence, it is his duty to grant a new trial unless a remittitur to a proper sum is filed. *Faltinali* v. *Great Atlantic & Pacific Tea Co.*, 55 R. I. 438.

The defendant contends, as we understand it, that the trial justice misconceived the weight of the evidence offered on the question of plaintiff's injury and the pain and suffering endured by her as a consequence thereof. Noting that plaintiff's evidence tended to establish special damages of approximately $4,500, it concludes that the award for pain and suffering was reflected in the balance of the award, or approximately $8,500. This amount, it argues, is grossly excessive in view of the nature of the injury sustained and the want of evidence establishing any extended duration of the pain and suffering. In support thereof it points out that the only injury proved by plaintiff was a fractured coccyx along with some contusions and bruises, which, in defendant's view, was not a particularly serious injury. The defendant further argues that all of the testimony as to the degree and duration of pain came from plaintiff's own description of her pain and suffering.

In *Tilley* v. *Mather*, 84 R. I. 499, this court, rejecting the view that some formula had been established to determine whether an award of damages for pain and suffering was grossly in excess of an amount adequate to compensate for that actually proved, went on to say at page 502: "The establishment of the amount to be awarded for such damages has always been left, under proper instructions, to the discretion of the jury. * * * It has been our policy to allow the jury substantial latitude in computing the amount to be awarded as damages for pain and suffering and to reduce the jury's verdicts in this respect only when it appears

that they are grossly excessive. The phrase 'grossly excessive' is not an empty one. To be grossly excessive, there must be a demonstrable disparity between the amount awarded and the pain and suffering shown to have been endured as a consequence of the injury sustained."

The question as to the amount of damages that will serve to compensate an injured plaintiff adequately for pain and suffering endured as a consequence thereof is in the first instance for the determination of the jury. Whether such an award is adequate for that purpose is a matter upon which reasonable men may well disagree, and for that reason we subscribe to the view that the jury should have a wide discretion in ascertaining the amount thereof. Obviously, this must be proved in a substantial measure through the testimony adduced by the injured party relating to the extent and duration of the pain and suffering. The truth of evidence from this source is hardly susceptible of being tested effectively because of the subjective nature of pain so that credibility is a most important consideration, first, for the jury and then for the trial judge on the motion for new trial.

The evidence offered in this case to prove the extent and duration of plaintiff's pain and suffering came from her own testimony and that of her attending physician. The medical witness testified that her injuries consisted of a fracture of the coccyx and a suspected fracture of the sacrum along with some minor contusions and bruises; that on numerous occasions he had tested the affected areas of plaintiff's body by palpation and had observed reactions to such touchings that were significant of tenderness and pain; and that on the basis of his observations he was persuaded that plaintiff had experienced pain from this injury in varying degrees for a period of over a year.

The plaintiff testified that she suffered intense pain immediately after the accident and during the period of her

hospitalization. She testified further that for some two months after her discharge from the hospital she experienced severe pain and extensive discomfort, which also accompanied her efforts to begin walking again after she was permitted to leave her bed. Finally, she testified that she had experienced pain in the region of the coccyx as well as considerable discomfort on movement for over a year and that she had some residual pain even at the time of trial.

The trial justice in his decision discloses his awareness that the only evidence on the pertinent issue was adduced through plaintiff and her attending physician and his conclusion that this evidence was of sufficient probative force to warrant the award of damages for pain and suffering awarded by the jury. He commented on the apparent concession of defendant that special damages in a substantial amount had been proved and went on to say that in the circumstances the amount of the full verdict was not such "that it will shock the conscience of this Court." He thereupon found that the verdict was not grossly excessive and denied defendant's motion for a new trial.

The court's remark that the verdict did not shock his conscience, when viewed in the context in which it was made, appears merely to be a statement reflecting his belief that the amount awarded by the jury to compensate plaintiff for pain and suffering was not inconsistent with the probative force of the evidence adduced for the purpose of establishing that element of damage. Because he so found, he concluded that the amount apparently awarded for pain and suffering was not grossly in excess of what would be reasonably consistent with plaintiff's evidence relating thereto.

In the circumstances we are compelled to conclude that the defendant has not sustained the burden of establishing in this court that the trial justice was clearly wrong in approving the award of the jury in that he either overlooked

or misconceived material evidence. We noted in *Tilley* v. *Mather, supra,* that in these situations the trial justice has an advantage that we do not have. We said therein at page 502: "He presided at the trial and saw the plaintiff and witnesses in the courtroom and on the witness stand. From these vantage points his evaluation of the testimony is of strong and persuasive force if he has applied to the evidence his careful and independent judgment." This language, in our opinion, is clearly applicable in the instant case, and we cannot, therefore, say that the trial justice erred in denying the defendant's motion for a new trial.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*F. Monroe Allen* for plaintiff.

*McGee and Doorley, Frank J. McGee,* for defendant.