RUBY COX AND ARTHUR COX, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. THE VALLEY FAIR CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 6, 1980—Decided July 1, 1980.

*Alan Y. Medvin,* argued the cause for appellants (*Horowitz, Bross and Sinins,* attorneys).

*Joseph S. Montalbano,* argued the cause for respondent.

*Arthur Ian Miltz,* submitted a brief on behalf of *amicus curiae* Association of Trial Lawyers of America (*Kronisch & Schkeeper,* attorneys; *Theodore I. Koskoff,* a member of the Connecticut bar, of counsel).

The opinion of the Court was delivered by

SULLIVAN, J.

In this personal injury case, the Appellate Division set aside an award of damages in favor of plaintiffs on the ground of an improper and prejudicial summation to the jury by plaintiffs' counsel. A new trial as to damages only was ordered. The ruling was based on our decision in *Botta v. Brunner*, 26 *N.J.* 82 (1958), which prohibits a plaintiff's attorney from suggesting to a jury that it use a dollars per diem formula in calculating a plaintiff's damages for pain and suffering. Certification was granted, 82 *N.J.* 273 (1979), to review plaintiffs' contention that the Appellate Division ruling constitutes an unwarranted extension of the *Botta v. Brunner* holding.

While in defendant Valley Fair's supermarket, plaintiff Ruby Cox slipped and fell on some cherries which had apparently fallen from a bin onto the floor of one of the supermarket aisles. She complained of injury to her left arm, left leg and back and was treated for approximately 11 months, mostly by physical therapy. Her medical expenses amounted to $672.25. Additionally, she missed approximately eight weeks and lost $500 in wages from her part-time employment with Middlesex County College.

In her suit for damages, which her husband joined seeking *per quod* damages, plaintiff testified that she continued to experience stiffness and soreness in her arm, leg and back, which she described as nagging pains which sometimes left her leg numb. Her physician testified that her disabilities were permanent and were directly related to the fall in defendant's store. At the conclusion of the trial, the jury awarded Mrs. Cox $51,200 and her husband $1,000.

Defendant moved for a new trial, alleging, among other things, an excessive verdict and a violation of *Botta v. Brunner*. The trial judge refused to set aside the award of damages although he stated that he disagreed with the jury verdict. In effect, he held that the amount of damages assessed by the jury was not so disproportionate as to convince him that the verdict was manifestly unjust. The judge made no specific reference to

the *Botta v. Brunner* argument. On appeal, the Appellate Division held that the summation by plaintiffs' counsel violated the *Botta v. Brunner* rule. Accordingly, it set aside the award and remanded for a new trial as to damages.

In *Botta v. Brunner* this Court said that

pain and suffering have no known dimensions, mathematical or financial. There is no exact correspondence between money and physical or mental injury or suffering, and the various factors involved are not capable of proof in dollars and cents. For this reason, the only standard for evaluation is such amount as reasonable persons estimate to be fair compensation. [26 *N.J.* at 95]

Accordingly, *Botta v. Brunner* holds that it is improper for counsel to argue to a jury that it use a so-called per diem formula for the calculation of pain and suffering. *Id.* at 95–100.

*Botta v. Brunner* also disapproved of counsel's suggestion to the jury that it apply the "golden rule" under which jurors would fix what they would want as compensation if they had sustained the injuries, or what the pain and suffering would be worth to them. *Id.* at 94.

Since this case turns on what counsel for plaintiffs stated in his summation, we consider its pertinent language in detail.

After referring to plaintiff's medical expenses of $672.25 and lost wages of $500, or out-of-pocket expenses of approximately $1,200, counsel stated that this sum

represents a tiny fraction of the total damages in this case because merely to contemplate something for their out-of-pocket expenses doesn't begin, doesn't even start to take into consideration the second element, damages, what I call the intangible element of damages, pain and suffering, permanent disability. So the $1,200 of out-of-pocket expenses is nothing in relation to these intangibles.

After quoting Thomas Jefferson's observation that "[t]he art of life is the avoidance of pain," counsel then said:

I would venture to say that in our lives at one time or another we all do put a dollar value on pain, and I will just give you a brief example of how in our day-to-day lives do we do this? Let's assume that you have a toothache and you go to your dentist and the dentist's job at this point is to—

THE COURT: Don't equate any dollar value—

MR. MEDVIN: I certainly won't, Judge.

THE COURT: You can talk about pain with a dentist but don't get into the dentist's bills, or what have you.

MR. MEDVIN: Of course not.

You have heard this before. You go to your dentist. Your dentist examines your mouth and he sees a bad tooth and he has to extract it. Now, physically, it

is very possible for him to take that tooth out without giving you any painkiller. There is nothing that says he has to give you an anesthetic. But how many of us wouldn't pay the extra few dollars to have a painkiller to avoid that pain? I say this to you only as an example of how we do in our lives put a monetary value on pain. There is no question here that Ruby Cox has suffered with painful injuries.

. . . [S]o when you're in there (indicating) thinking about these intangibles, think what it means to suffer on a daily basis and a daily basis not only up to now but into the future . . . .

You are going to hear Judge Thompson charge you about Ruby's life expectancy, which is about 31 years, and if you just multiply that out by the number of days in a year you will figure out that that comes to about 11,000 days of life expectancy, and I will say to you, members of the jury, that Ruby is entitled to fair compensation, not nominal, but fair compensation for each and every one of those days.

Counsel concluded by stating that this was plaintiff's only day in court and that she could not return at a later date to ask for more damages. He added that in five years he and the jury probably will have forgotten about the case but,

five years from now, ten years from now, twenty years from now Ruby Cox is still going to have that daily suffering, that daily pain to remind her about the case.

Counsel for defendant objected to the comments as to the monetary value of pain and suffering but was told by the trial judge that "I will cover it in my charge." In referring to counsel's remarks in summation, the judge instructed the jury that while counsel were entitled to argue with respect to the award of damages, "they are not entitled to use any formula."

We conclude that counsel's summation violated *Botta v. Brunner* in two regards. First, there are suggestions that the members of the jury consider the few extra dollars they would be willing to spend to avoid the pain of a tooth extraction and to think what it means to suffer on a daily basis. This is a subtle appeal to the "golden rule," *i. e.*, that the members of the jury consider what one day of pain and suffering or, conversely, its avoidance, would be worth to them. Second, the summation plainly suggests a per diem formula for calculating plaintiff's damages for pain and suffering. The reference to plaintiff's daily pain for the rest of her life, to the few dollars persons would pay to avoid the pain of one visit to the dentist's office, together with the later reference to plaintiff's life expectancy of

about 11,000 days and the comment that she was entitled to fair compensation for each and every one of those days, could only serve to suggest a per diem formula for the jury to apply. This is a patent violation of *Botta v. Brunner.*

Counsel's comments during summation, if considered separately, arguably do not violate the *Botta v. Brunner* rule. However, when the summation is taken as a whole, as it must be, the suggestion of a per diem formula is clear. Counsel was alerted by the court and defense counsel to the fact that he could not argue for such a formula. Despite this, he elected to see how close he could get to the line separating proper and improper comments without actually violating the rule.

In this connection, the amount of the award in light of the proof of damages is of some relevance. Here plaintiff's medicals were $672.25 and her loss of wages approximately $500. Additional claims of damages involved subjective complaints as to pain, suffering and so-called permanent disability. The jury awarded Mrs. Cox $51,200, apparently representing the estimated $1,200 in specials and $50,000 for her subjective complaints. The trial judge said he disagreed with the award but could not say it was manifestly unjust. This would be correct if the sole issue were excessiveness of verdict. The size of the verdict, however, supports defendant's contention that counsel's per diem formula argument impermissibly influenced the jury and refutes any contention that the error was harmless.

■ Just prior to argument of the appeal in the Supreme Court, the Association of Trial Lawyers of America, pursuant to leave granted, filed an *amicus* brief in which the correctness of the *Botta v. Brunner* decision is questioned. Although this Court has recently upheld the application thereof, *Gilborges v. Wallace,* 78 *N.J.* 342, 353 (1978), the *Botta v. Brunner* rule is not immutable. If it can be demonstrated that it is bottomed on faulty reasoning, or that it has not achieved its intended purpose and actually prejudices a plaintiff's ability to recover a fair amount of damages for pain and suffering, recourse to this Court is available. However, plaintiff never challenged *Botta v. Brunner* until oral argument before this Court. The issue was

not raised at trial or before the Appellate Division. Indeed, at trial, counsel indicated he was aware of the *Botta v. Brunner* rule and would abide by it. We therefore decline to consider such an important issue in the context of this case. See *Devlin v. Surgent,* 18 *N.J.* 148, 153 (1955); *Anderson v. Modica,* 4 *N.J.* 383, 390 (1950).

█ The Appellate Division, after finding a violation of *Botta v. Brunner,* not only set aside the $51,200 verdict awarded Mrs. Cox, but also vacated the $1,000 *per quod* verdict in favor of Mr. Cox. The latter part of the jury verdict should have been allowed to stand as the finding of error did not apply to the $1,000 award.

The Appellate Division ruling is hereby modified to the extent of reinstating the $1,000 judgment in favor of Mr. Cox. The remand for a new trial as to damages only on Mrs. Cox's suit is affirmed.

HANDLER, J., dissenting.

I must dissent from the Court's affirmance of the Appellate Division's remand of Ruby Cox's suit for a new trial as to damages. I take this position because I am of the view that the trial summation by counsel for plaintiffs constituted reasonable advocacy of a client's cause and did not offend the rule as reaffirmed by this Court in *Botta v. Brunner,* 26 *N.J.* 82 (1958), prohibiting an attorney from importuning a jury to use a per diem formula to measure damages for pain and suffering.

The Court in *Botta v. Brunner,* in holding that it is improper for an attorney "to suggest to the jury in summation a mathematical formula for the admeasurement of damages for pain and suffering," *id.* at 91, specifically disapproved of counsel (1) attempting to persuade the jury to apply the "golden rule" of damages, *i. e.,* "to fix what they would want as compensation if they had sustained the injuries or what the pain and suffering would be worth to them," *id.* at 94, and (2) suggesting to the jury that it compensate a personal injury plaintiff "on a per hour or *per diem* basis," *id.* at 100. The Court in *Botta* reasoned that such statements are no more than "suggestions of valua-

tions or compensation factors for pain and suffering [having] no foundation in the evidence. [As such, t]hey import into the trial elements of sheer speculation on a matter which by universal understanding is not susceptible of evaluation on any such basis." *Ibid.*

The appropriate standard to be used in determining such personal injury damages is " 'fair and reasonable compensation,' " *id.* at 92, *i. e.,* "such amount as reasonable persons estimate to be fair compensation," *id.* at 95. The majority purports to follow this standard as interpreted in *Botta. Ante* at 384. It then proceeds, however, to misapply that rule to the instant situation by reading it much too sweepingly and severely. The effect of this misapplication is to stifle reasonable and permissible advocacy.

Counsel for plaintiffs did not here overstep the boundaries delineated by this Court in *Botta v. Brunner, supra.* In that case, counsel's summation explicitly suggested to the jury an amount of " 'fifty cents an hour' " for plaintiff's pain and suffering. 26 *N.J.* at 92. Here, however, counsel made no such suggestion of a specific monetary amount to the jury. Further, counsel's reference in summation to dentists and tooth extractions, *ante* at 384–385, was not sufficiently monetarily specific to constitute even a "subtle appeal" to the so-called "golden rule" of damages, *ante* at 385, but rather was merely a rhetorical device serving to impress upon the jury that pain and suffering is, in fact, compensable. Nor was counsel's reference to the actual life expectancy of Ruby Cox measured in days impermissible. *Ante* at 385–386. The remaining life expectancy of a personal injury plaintiff—whether measured in years, months or days—is a fact quite properly before the jury and, thus, permissible for inclusion in summation. Moreover, counsel's reference to Ruby Cox's special damages, including medical bills and lost wages, and his comment that such special damages alone would not constitute fair compensation for her injuries were both reasonable and accurate (*ante* at 384). *Lehner v. Interstate Motor Lines, Inc.,* 70 *N.J.Super.* 215, 218–219 (App.Div.1961).

Hence, there was no impropriety here by counsel in his summation. His comments were not nearly so suggestive as either

to vitiate the entire summation or to impugn the ultimate judgment as to damages, which all three courts here involved—the trial court, the Appellate Division, and this Court—have found not to be excessive. *Ante* at 386. The *Botta* rule was thus not violated.

I would, accordingly, reverse the decision of the Appellate Division and would reinstate the trial court's awards to both plaintiffs.

*For modification and affirmance*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and POLLOCK—6.

*For reversal*—Justice HANDLER—1.

In the Matter of the FINAL DETERMINATION OF the LOCAL FINANCE BOARD AFFIRMING the DISAPPROVED 1979 BUDGET OF the COUNTY OF PASSAIC BY the DIRECTOR OF LOCAL GOVERNMENT SERVICES.

Petition for certification to Local Finance Board of the Department of Community Affairs is granted.