603 A.2d 877

**GIANT FOOD INCORPORATED**

v.

**Regina E. SATTERFIELD.**

**No. 167, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

April 1, 1992.

■■■■■■■■■■■■■■■■■
■■■■■■■■■■
■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

Christopher R. Dunn (William B. Spellbring, Jr., Timothy E. Howie and O'Malley & Miles, on the brief), Upper Marlboro, for appellant.

Robert L. Siems (John R. Francomano, Keith L. Arnold and Cohan & Francomano, P.C., on the brief), Baltimore, for appellee.

Argued before ROSALYN B. BELL, FISCHER and DAVIS, JJ.

FISCHER, Judge.

Giant Food, Incorporated (Giant) appeals an adverse ruling entered in the Circuit Court for Baltimore County. Regina E. Satterfield cross-appeals the court's decision. This dispute stems from Ms. Satterfield's slip and fall which occurred in Giant Store Number 77 on July 6, 1987. Ms. Satterfield filed a complaint against Giant alleging that she sustained injuries as a result of the accident. At trial, the court granted Giant's motion to dismiss Ms. Satterfield's punitive damages claim. The case proceeded, and the jury found Giant negligent and awarded Ms. Satterfield $2,500 for past medical expenses and $40,000 in non-economic compensatory damages. Giant immediately filed a motion for new trial and an alternative motion for remittitur. The court subsequently denied both motions. Giant poses the following questions on appeal:

1. Did the trial court commit reversible error in refusing to give a limiting jury instruction after Ms. Satterfield's counsel made a per diem damages argument?

2.  Did the trial court commit reversible error by allowing testimony about Dr. Kanner's treatment of Ms. Satterfield since Ms. Satterfield failed to identify Dr. Kanner in answers to Giant's interrogatories until one week before trial?

3.  Did the trial court commit reversible error by allowing witness Judy Glass to testify for Ms. Satterfield, since Ms. Satterfield failed to identify Ms. Glass in amended answers to interrogatories until just one week before trial?

Ms. Satterfield postures the following question in her cross-appeal:

Did the trial court commit reversible error by refusing to submit the issue of punitive damages to the jury since there was sufficient evidence?

The genesis of this case occurred on July 6, 1987, when Ms. Satterfield stopped in Giant store number 77 to purchase a few items. As she walked through the produce section, she slipped on a puddle of water and fell to the floor landing on her left side. Ms. Satterfield alleges that the pain she feels in her shoulders, neck, elbow and fingers is a direct result of her fall. A former employee of Giant testified that, when the produce stands were cleaned, the drains would occasionally back up and water would collect in puddles on the floor.

## I.

■ Giant avers that the trial court committed reversible error by denying Giant's request for a particular jury instruction. Giant's request followed a statement made by Ms. Satterfield's counsel during closing argument. Ms. Satterfield's counsel suggested that the jury use a per diem calculation to award pain and suffering damages:

I suggest that for your consideration—is fair compensation to be in pain, to suffer, to have permanent injuries, to have lost your right to enjoyment of life and have lost your ability to participate in the things that you enjoyed

so much? Seven dollars and fifty cents a day is two thousand seven hundred dollars a year. You multiply that by 43 and you will have a significant number that is about one hundred and thirteen thousand dollars. And it is a large gross number. But I want you to think about each and every day that is involved in those 43 years and see if that is a reasonable number. I suggest that to you for your consideration. Obviously you are free to make whatever decision that you deem appropriate.

Giant objected and the following bench conference ensued:

Giant: Your honor, plaintiff's counsel made what is popularly called a per diem argument. I believe that when that argument is made I am entitled to a cautionary instruction to the jury.

Satterfield: I believe counsel is saying the golden rule.

Giant: No, you made a per diem argument when you asked for seven fifty a day. That argument is within the discretion of the court as to whether to permit it or not. Once it is given the defense is entitled to a cautionary instruction that the argument of counsel is not evidence in the case and ...

Satterfield: You told them that.

The Court: Wait just a second.

Giant: And it's the jury's function if they find liability to set damages.

The Court: I believe that I have instructed this jury on at least two occasions, including within the instructions of law in that regard, and in addition to when [Ms. Satterfield's counsel] made his argument to the jury, he indicated that this is not a hard, fast rule but that it is for the jury to then determine what amount of compensation is fair and reasonable. And I decline to give any cautionary instruction.

Giant contends that the use of a specific dollar amount per unit of time and reference to a predicted life expectancy constitutes a per diem damages argument. Most states

have deemed the use of a mathematical formula in determining an award for pain and suffering to be a per diem argument. They have distinguished, however, arguments which only include a lump sum payment that is not derived from multiplication of a unit of time and a dollar amount. *See* 3 A.L.R. 4th 940 (1981), "Per Diem or Similar Mathematical Basis for Fixing Damages for Pain and Suffering." Although we have not specifically addressed the definition of a per diem argument, we can infer from other cases that Ms. Satterfield's counsel's remarks were representative of a per diem formula. In *Harper v. Higgs*, 225 Md. 24, 169 A.2d 661 (1960), the Court of Appeals considered the request of a stated amount of dollars for each day of suffering to be a per diem argument. Also, the Court, in *Eastern Shore P.S.C. v. Corbett*, 227 Md. 411, 177 A.2d 701 (1961), labeled an argument that included a specific dollar amount per hour and the total number of hours to be a per diem argument. Ms. Satterfield's counsel broke down Ms. Satterfield's predicted life expectancy from years into days and arbitrarily assigned a dollar amount to be associated with her daily pain and suffering. Her counsel even went so far as to multiply the days and the dollar amount and then suggested to the jury that this product should equal the amount awarded. Clearly, this formula meets the definition of a per diem argument.

There are numerous arguments both in favor and against the use of per diem arguments. The reasons against allowing the use of per diem argument include: the lack of an evidentiary basis for converting pain and suffering into monetary terms; suggestion of monetary equivalents for pain and suffering amounts to the giving of testimony or to the expression of opinions not disclosed by the evidence; juries are frequently misled into making larger awards; admonitions of the trial court that the argument is not evidence do not erase the prejudice; the defendant is disadvantaged by being required to rebut an argument that has no basis in evidence. *Harper v. Higgs*, 225 Md. 24, 40 n. 2, 169 A.2d 661 (1960). The arguments in support of a per

diem argument include: the jury should be guided by some reasonable and practical considerations; the trier of fact should not be led to make a guess; the absence of any evidentiary yardstick makes it unlikely that counsel's argument will mislead the jury; the argument only suggests one method for the trier of fact to employ in its estimation of damages; the argument is merely suggestive and is not meant as evidence particularly when accompanied by a jury instruction to that effect; when counsel for one side has made such an argument, the opposing counsel is equally free to suggest his own amounts. *Harper,* 225 Md. at 40, 169 A.2d 661.

The propriety and legality of the per diem argument has been greatly debated in the courts. Many states support the view that it is wholly improper for counsel to suggest a per diem argument to the jury and that such an argument will not be allowed as a matter of law. *Pool v. Bell,* 209 Conn. 536, 551 A.2d 1254 (1989); *Henne v. Balick,* 51 Del. 369, 146 A.2d 394 (1958); *Ferry v. Checker Taxi Co.,* 165 Ill.App.3d 744, 117 Ill.Dec. 382, 520 N.E.2d 733 (1987), *appeal denied,* 119 Ill.2d 556, 119 Ill.Dec. 384, 522 N.E.2d 1243 (1987); *Steel v. Bemis,* 121 N.H. 425, 431 A.2d 113 (1981); *Cox v. Valley Fair Corp.,* 83 N.J. 381, 416 A.2d 809 (1980); *Tate v. Colabello,* 58 N.Y.2d 84, 459 N.Y.S.2d 422, 445 N.E.2d 1101 (1983); *Ilosky v. Michelin Tire Corp.,* 172 W.Va. 435, 307 S.E.2d 603 (1983). To the contrary, other states have decided that the argument is wholly appropriate and may be used by counsel at any time. *Beagle v. Vasold,* 65 Cal.2d 166, 53 Cal.Rptr. 129, 417 P.2d 673 (1966); *Paducah Area Public Library v. Terry,* 655 S.W.2d 19 (Ky.App. 1983); *Streeter v. Sears, Roebuck & Co.,* 533 So.2d 54 (La.App.1988) *cert. denied,* 536 So.2d 1255 (La.1989); *Cafferty v. Monson,* 360 N.W.2d 414 (Minn.App.1985); *Higgins v. Hermes,* 89 N.M. 379, 552 P.2d 1227 (1976). Still other states have decided that the use of the per diem argument by counsel is within the sole discretion of the trial court judge. *Vanlandingham v. Gartman,* 236 Ark. 504, 367 S.W.2d 111 (1963); *Wyant v. Dunn,* 140 Mont. 181, 368 P.2d

917 (1962); *Johnson v. Brown*, 75 Nev. 437, 345 P.2d 754 (1959).

The federal courts are not as divided in their treatment of per diem arguments. Most of the federal courts of appeal follow the Fifth Circuit and allow the use of mathematical formulations for damages when the trial court takes safeguards to assure that the argument will not inflame the jury or result in an excessive verdict. *Baron Tube Company v. Transport Insurance Company*, 365 F.2d 858 (5th Cir.1966). The Second and Eighth Circuits also allow the per diem argument with broad discretion given to the trial judge. *Sharkey v. Penn. Central Transportation Company*, 493 F.2d 685 (2d Cir.1974); *Vanskike v. ACF Industries, Inc.*, 665 F.2d 188 (8th Cir.1981). Federal courts have also affirmed district court rulings refusing to allow per diem arguments. *McDonald v. United Airlines Inc.*, 365 F.2d 593 (10th Cir.1966).

Most of the state courts that have given the trial court discretion in allowing the use of the per diem argument have done so with the caveat that the argument be accompanied by proper jury instructions. *Johnson v. Brown*, 75 Nev. 437, 345 P.2d 754 (1959); *Weeks v. Holsclaw*, 306 N.C. 655, 295 S.E.2d 596 (1982); *Worsley v. Corcelli*, 119 R.I. 260, 377 A.2d 215 (1977); *Olsen v. Preferred Risk Mutual Insurance Company*, 11 Utah 2d 23, 354 P.2d 575 (1960). The Supreme Court of Nevada requires the jury instructions to state that the argument of counsel is not evidence and that the dollar amounts are merely suggestions of counsel as to the amount of damages that could be awarded. *Johnson*, 75 Nev. at 447, 345 P.2d 754. North Carolina courts require trial judges to instruct the jury that its decision is not to be governed by the amount of damages suggested by counsel, that counsel's suggestion is merely another approach to the damages issue, and that the jury need not adopt counsel's approach. North Carolina courts further instruct jurors that it is the obligation of the jury to weigh the evidence and arrive at a fair and just award of damages. *Weeks*, 295 S.E.2d at 601. So, too, are Rhode

Island jurors instructed that the suggestions made by counsel are not binding. *Worsley,* 377 A.2d at 219. Utah jurors are also instructed that the argument is "lawyer talk" and not to be considered as evidence or substituted for evidence. *Olsen,* 11 Utah 2d at 26, 354 P.2d 575.

The Court of Appeals ruled in *Eastern Shore P.S.C. v. Corbett,* 227 Md. 411, 177 A.2d 701 (1961) (JJ. Sybert, Henderson, and Horney dissenting), that the benefits gained from a per diem argument outweigh the disadvantages of the argument. In *Eastern Shore,* counsel for the plaintiff argued that the plaintiff suffered for six weeks in the hospital and that the award for the suffering should be $5.00 per hour for a total of $5,040.00. The defendant claimed that the trial court should have granted its motion to instruct the jurors to disregard the per diem argument. The Court of Appeals ruled that the per diem argument was valid but added that such arguments "should be accompanied, if requested, or the trial judge, sua sponte, thinks it proper, by cautionary instructions that the argument is not evidence and the jury, alone, must determine the proper verdict. Ordinarily, we think, it would be the wiser practice that such cautionary instructions should be given even without any specific request therefor." *Eastern Shore,* 227 Md. at 429, 177 A.2d 701.

Judge Sybert, writing for the dissenting judges, argued that the per diem argument is improper and that the trial court's decision should have been reversed on that point. The three dissenting judges believed that the per diem argument prejudices the jurors in their assessment of the evidence and in their award for pain and suffering. Judge Sybert wrote "that approval of the per diem argument will tend to render more difficult the affording of fair and impartial trials, for which courts exist." *Eastern Shore,* 227 Md. at 433, 177 A.2d 701.

The opinion of the dissenting judges notwithstanding, it is clear that per diem arguments are permissible in this State. It is also apparent that, upon request or when

the trial judge sua sponte deems it appropriate, the jury must be instructed that the per diem argument made by counsel is not evidence but is merely a method suggested by a party for the purposes of calculating damages. The jury must further be instructed that an award for pain and suffering is to be based upon the jurors' independent judgment.

In the case at bar, after Ms. Satterfield's counsel made the per diem argument, Giant requested a specific jury instruction of the court. The requested instruction stated that it is the jury's function to set damages. The court replied that the jury had been previously given general instructions to that effect and that Ms. Satterfield's counsel, during his per diem argument, had mentioned "that this is not a hard fast rule but that it is for the jury to then determine what amount of compensation is fair and reasonable."

We do not believe the general instructions given, which warned that statements of counsel were not evidence, were sufficient to place the per diem argument in proper perspective for the jury. Also, we do not believe that the statement made by Ms. Satterfield's counsel, that it is the jury's task to determine compensation, was the equivalent of a precise instruction from the trial judge addressing specifically the per diem argument. For these reasons, we believe that the trial court erred in allowing a per diem argument to be made without a specific cautionary instruction to the jury.

## II. and III.

Giant avers that the trial court committed reversible error by allowing testimony concerning Dr. Kanner's treatment of Ms. Satterfield and by allowing testimony from Ms. Judy Glass. Giant contends that the evidence should have been excluded, because Ms. Satterfield did not identify Dr. Kanner as a treating physician nor did she identify Ms. Glass as a witness until one week before trial

when Ms. Satterfield amended her answers to interrogatories.

In March of 1990, Ms. Satterfield's regular physician referred her to Dr. Kanner. Dr. Kanner treated Ms. Satterfield on approximately nine occasions between April and June of 1990. Giant's interrogatories requested the names of Ms. Satterfield's treating physicians as well as an itemized list of all damages. Although Ms. Satterfield replied to these interrogatories in September of 1988, Giant argues that it was Ms. Satterfield's responsibility to amend her answers subsequent to her first visit with Dr. Kanner.

Maryland Rule 2–401(c) requires a party to supplement their discovery responses if they receive further material information. The administration of discovery rules, however, has been left to the sound discretion of the trial judge. The evidence must not be excluded unless the party was willful and contumacious in their failure to disclose the information. *Klein v. Weiss*, 284 Md. 36, 56, 395 A.2d 126 (1977).

Giant relies on *Hadid v. Alexander*, 55 Md.App. 344, 462 A.2d 1216 (1983), to argue that Ms. Satterfield's actions were willful and contumacious. Despite pretrial discovery requests, the appellee in *Hadid* failed to produce any documents or memoranda of telephone calls. Notwithstanding this noncompliance, the judge allowed the evidence to be admitted. The appellee also committed other discovery violations such as refusing to appear for depositions and failing to identify witnesses. We decided that the violations were willful and contumacious and that it was reversible error for the trial judge to have admitted the prejudicial evidence.

We believe that Ms. Satterfield's actions were not similarly egregious discovery violations. She did not visit Dr. Kanner until May, and she amended her answers to include his name prior to trial. Ms. Glass was mentioned in Ms. Satterfield's deposition and was also identified as a possible witness in the amended interrogatories. It was also possi-

ble for Giant to have deposed both witnesses before trial or to have asked for a continuance during trial. We do not believe the trial judge abused her discretion in permitting Ms. Glass to testify or in permitting testimony concerning Dr. Kanner's treatment of Ms. Satterfield.

## IV.

■ Ms. Satterfield appeals the court's denial of her punitive damages claim against Giant. After the close of Ms. Satterfield's case, Giant moved for judgment under Maryland Rule 2–519 as to Ms. Satterfield's punitive damages claim, and the motion was granted. Appellate review of the grant or denial of a motion for judgment requires an analysis similar to the trial court's decision making. *James v. General Motors Corp.*, 74 Md.App. 479, 484, 538 A.2d 782 (1988).

■ The Court of Appeals has recently heightened the standard for punitive damages claims from proof of implied malice and/or gross negligence to an actual malice standard. *Owens–Illinois, Inc. v. Zenobia,* 325 Md. 420, 601 A.2d 633 (1992). The plaintiff in a non-intentional tort claim must not merely show that the defendant's conduct amounted to a wanton or reckless disregard for human life but must prove that the "conduct was characterized by evil motive, intent to injure, ill will or fraud, i.e. 'actual malice'." *Owens–Illinois,* 325 Md. at 460, 601 A.2d 633.

In order to find that the jury could award punitive damages, we must find that Ms. Satterfield established by a preponderance of the evidence that Giant acted with actual malice.[1] *Owens–Illinois,* 325 Md. at 469, 601 A.2d 633. Actual malice has been defined as an act by the defendant

---

**1.** Although the Court of Appeals in *Owens–Illinois* changed the standard of proof for punitive damages claims from preponderance of the evidence to clear and convincing evidence, this portion of the holding was declared effective only for that case and for trials commencing on or after February 14, 1992 or trials in progress as of February 14, 1992. Therefore, we have decided this case by the preponderance of the evidence standard.

which was intended to deliberately and willfully injure the plaintiff. *Siegman v. Equitable Trust Co.*, 267 Md. 309, 297 A.2d 758 (1972). Ms. Satterfield's only evidence of Giant's negligence was the testimony of Ronald Brown. Mr. Brown, a former employee of Giant, testified that his duties as a porter included mopping up water which dripped from produce cases after the cases were cleaned each Monday morning. He also testified that he was unsure whether the cases were cleaned on the morning of Ms. Satterfield's accident. He stated that warning cones were placed near these puddles when they were discovered and that a plumber had been called on some occasions. Mr. Brown also testified that he recalled five or six people slipping on these puddles during his time of employment.

We cannot discern any intent to harm Ms. Satterfield from Giant's negligence in failing to keep these puddles from forming. The trial court's denial of punitive damages was correct. Ms. Satterfield did not establish by a preponderance of the evidence that Giant acted with actual malice towards her.

JUDGMENT VACATED.

CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID ONE–HALF BY THE APPELLANT AND ONE–HALF BY THE APPELLEE.